STATE OF NEBRASKA, APPELLEE, V.
GEORGE L. SHEPARD, APPELLANT.

302 N.W.2d 703

Filed February 27, 1981. No. 43544.

George L. Shepard, pro se.

Paul L. Douglas, Attorney General, and Linda A. Akers for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, George L. Shepard (Shepard), appeals from an order entered by the District Court for Nance County, Nebraska, denying Shepard's request for post conviction relief filed pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1979). For reasons more particularly set out below, we affirm the judgment of the District Court denying post conviction relief.

The record reflects that Shepard was originally charged with first degree sexual assault. He retained counsel of his own choosing and entered a plea of not guilty. The record available to us in this matter reflects that on March 29, 1978, Shepard appeared with his attorney before the trial court, at which time he withdrew his plea of not guilty and entered a plea of guilty to the charge.

Before accepting the plea of guilty, the trial court meticulously reviewed with Shepard all of his constitutional rights and the consequences of his withdrawing the plea of not guilty and entering a plea of guilty. Only after the trial court satisfied itself that Shepard fully understood what he was doing, and, indeed, was entering the plea of guilty freely and voluntarily, did the trial court accept the plea of guilty.

The record made before the trial court further indicates that the plea of guilty was entered by Shepard as a result of a plea bargain in which the State dismissed a charge of breaking and entering and further agreed not to make any recommendation with regard to the sentence to be imposed by the court in the instant action. Furthermore, the State, as part of the plea bargain, agreed that it would file no other charges against Shepard, including a charge of being a sexual sociopath under the provisions of Neb. Rev. Stat. §§ 29-2901 et seq. (Reissue 1975).

After accepting the plea, the trial court asked Shepard to describe to the court the circumstances surrounding the crime for which he had just entered a

plea of guilty. Shepard then freely and voluntarily described in detail all of the events connected with the sexual assault. The details as described by Shepard leave no doubt that a first degree sexual assault was committed upon the victim. There was more than sufficient evidence upon which Shepard could have been convicted had he gone to trial.

A presentence investigation was then ordered and a further hearing held. As a result of the further hearing, Shepard was sentenced to from 7 to 21 years in the Nebraska Penal and Correctional Complex.

Shepard, appearing pro se, now raises several assignments of error. They are as follows: (1) That the sentence imposed by the court was excessive; (2) That the evidence upon which the guilty plea was accepted was insufficient; (3) That the court erred in not granting Shepard a trial for the reason that perjured and false testimony was given against him by the prosecuting attorney; (4) That the court erred in not requiring (sic) as to what deals were made in order that the defendant changed his plea from "not guilty" to "guilty"; (5) That the court erred in allowing the State to threaten Shepard with a charge of sexual sociopath, when in fact there was no evidence to support the fact; and (6) That the court erred in not asking Shepard if he had anything to say before sentencing.

We may quickly dispose of all of these matters. The claims that the sentence was excessive and that the evidence of the crime was insufficient may be disregarded without further consideration. Following Shepard's conviction, he appealed his sentence to this court. He did not raise any issue about the sufficiency of the evidence in that appeal. In Shepard's earlier direct appeal we found that the sentence was not excessive and affirmed the judgment pursuant to Rule 20 of this court. See *State v. Shepard*, case No. 42274. This court has consistently held that matters relating to sentences imposed within statutory limits and matters already litigated or which could have been raised are

not properly included in an action seeking post conviction relief. *State v. Miles*, 194 Neb. 128, 230 N.W.2d 227 (1975); *State v. Taylor*, 193 Neb. 388, 227 N.W.2d 26 (1975); *State v. Birdwell*, 188 Neb. 116, 195 N.W.2d 502 (1972); *State v. Weiland*, 190 Neb. 111, 206 N.W.2d 336 (1973); *State v. Lincoln*, 186 Neb. 783, 186 N.W.2d 490 (1971). A defendant in a post conviction proceeding may not raise questions which could have been raised on direct appeal and which do not involve questions making the judgment of conviction void or voidable under the state or federal Constitutions. *State v. Huffman*, 186 Neb. 809, 186 N.W.2d 715 (1971); *State v. Lacy*, 198 Neb. 567, 254 N.W.2d 83 (1977).

Insofar as the claim that there was perjured and false testimony given, the record is simply devoid of any evidence to support that claim, and we likewise reject that assignment of error. In a post conviction proceeding, the petitioner has the burden of establishing a basis for relief. *State v. Rapp*, 186 Neb. 785, 186 N.W.2d 482 (1971).

The balance of Shepard's assignments of error, while couched in different terms, essentially argue that his plea of guilty was not freely and voluntarily made and that he had inadequate counsel. We may likewise easily reject those two claims from an examination of the record.

The trial court inquired in great detail as to what the plea bargain was. There is no evidence to support Shepard's claim to the contrary. We have previously held that: "The standard for determining the validity of a guilty plea is whether or not it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *State v. Hall*, 188 Neb. 130, 195 N.W.2d 201 (1972) (syllabus of the court). The record in this case clearly establishes that Shepard understood all of the various alternatives open to him and freely and voluntarily made that choice in entering a plea of guilty.

Insofar as his claim of ineffective counsel is con-

cerned, we likewise reject that claim. As we have frequently said, the standard for determining whether defense counsel has rendered constitutionally required effective assistance is whether counsel has performed at least as well as a lawyer with ordinary training and skill in the criminal law in that area and has conscientiously protected the interests of his client. *State v. Leadinghorse*, 192 Neb. 485, 222 N.W.2d 573 (1974); *State v. Colgrove*, 207 Neb. 496, 299 N.W.2d 753 (1980). The trial court specifically inquired of Shepard whether he was satisfied with his counsel. He responded he was. The record establishes without any contradiction that the evidence was more than sufficient to convict Shepard of the crime charged. It appears that his counsel did everything that was possible under the circumstances, though admittedly there was not much which could be done. In order for one to maintain ineffective counsel the record must affirmatively support the claim. *State v. Rose*, 188 Neb. 84, 195 N.W.2d 215 (1972). The record in this case does not in any manner support that claim.

The events of this case seem to support the observations made by the Court of Appeals in *Wolfe v. Nash*, 313 F.2d 393 (8th Cir. 1963), *cert. denied* 374 U.S. 817, 83 S. Ct. 1713, 10 L. Ed. 2d 1041 (1963), where the court there said: "The truth is, of couse, that to the criminal mind no trial is fair that does not result in an acquittal, no jury is impartial that does not return a verdict of not guilty, and no counsel is effective if the defendant is convicted, notwithstanding the evidence against him." *Id.* at 401. There is no merit to any of Shepard's claims for post conviction relief. We therefore affirm the judgment of the trial court in denying such relief.

AFFIRMED.