STATE OF NEBRASKA, APPELLEE, V. DENNIS J. PAULSON, APPELLANT.

320 N.W.2d 115

Filed May 28, 1982. No. 81-730.

Dennis J. Paulson, pro se.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Dennis J. Paulson, defendant-appellant herein, appeals from an order entered by the District Court of Nebraska, Second Judicial District, in and for Sarpy County, Nebraska, without an evidentiary hearing, denying his request for post conviction relief as the result of his conviction for second degree murder.

The defendant has made various allegations of error in his pro se brief on appeal. Those which he has discussed with any coherence may be summarized as follows: (1) Whether defendant's guilty plea was made intelligently and voluntarily; (2) Whether defendant was denied effective assistance

of counsel; (3) Whether defendant was prejudiced by not being appointed counsel at this post conviction hearing; and (4) Whether defendant has sustained his burden of establishing a basis for post conviction relief. We find no error and affirm the District Court.

Paulson was originally charged in an information with first degree murder in connection with the June 5, 1979, shooting death of James Goslee. The factual background leading to the Goslee slaying and attempted coverup appears in *State v. Stranghoener,* 208 Neb. 598, 304 N.W.2d 679 (1981), which involves another participant in the killing. The record on appeal reflects that on January 21, 1980, Paulson appeared before the trial court with his attorney and, pursuant to a plea bargain, pled guilty to an amended information charging him with second degree murder. Before accepting the defendant's plea, the court reviewed Paulson's constitutional rights and informed him of the consequences of his guilty plea; and upon being advised that the plea was being made freely and voluntarily, the plea was accepted. A presentence investigation was conducted and, on June 3, 1980, the defendant was sentenced to a term of 15 years in the Nebraska Penal and Correctional Complex, with 345 days' credit allotted for jail time served.

It is well established that one seeking post conviction relief has the burden of establishing the basis for such relief and that the findings of the District Court in denying relief will not be disturbed on appeal unless they are clearly erroneous. *Marteney v. State,* 210 Neb. 172, 313 N.W.2d 449 (1981); *State v. Rust,* 208 Neb. 320, 303 N.W.2d 490 (1981).

Furthermore, a defendant in a post conviction proceeding may not raise questions which could have been raised on direct appeal and which do not involve questions making the judgment of conviction void or voidable under the state or federal Constitu-

tions. *State v. Shepard,* 208 Neb. 188, 302 N.W.2d 703 (1981); *State v. Cole,* 207 Neb. 318, 298 N.W.2d 776 (1980); Neb. Rev. Stat. § 29-3001 (Reissue 1979). A voluntary guilty plea waives every defense to the charge, whether the defense is procedural, statutory, or constitutional. *State v. Coleman,* 209 Neb. 823, 311 N.W.2d 911 (1981); *State v. Country,* 202 Neb. 509, 276 N.W.2d 110 (1979).

An examination of the record convinces us that the grounds urged by defendant for post conviction relief are wholly frivolous. The original information filed in this case clearly sets forth the necessary elements of the crime of second degree murder. Following the entry of his guilty plea, the defendant was advised of the essential elements of the crime and was fully advised of his constitutional rights, which he voluntarily waived. The record from the trial court clearly establishes the facts necessary to sustain the conviction resulting from Paulson's plea. The record does not support his contention that he was in any manner ill advised as to the nature of the charge against him.

We next review defendant's claim that he was inadequately represented by his trial counsel. Defendant's assertions in this regard, which may generously be characterized as factual, are that counsel (1) did not inform defendant that intent was an element of the crime; (2) did not cross-examine witnesses; (3) did not object to evidence; (4) participated in arranging for fabricated and perjured testimony; and (5) collaborated with the prosecutor to obtain defendant's conviction.

An evidentiary hearing must be granted on a petition for post conviction relief when the facts alleged would justify relief, if true, or when a factual dispute arises as to whether a constitutional right is being denied. *Smith v. United States,* 635 F.2d 693 (8th Cir. 1980), *cert. denied* 450 U.S. 934, 101 S. Ct. 1397, 67 L. Ed. 2d 368 (1981).

Whether counsel informed defendant that intent was an element of the crime or not, the record makes clear that at the defendant's arraignment on the second degree murder charge the information was read to him. The information charged that defendant did "intentionally" kill James Goslee. The remaining complaints against counsel cannot apply as there was no trial. Counsel could neither have cross-examined witnesses nor objected to the receipt of evidence. Defendant's guilt was determined by his own voluntary and knowing plea and could not have resulted from any fabricated or perjured testimony resulting from counsel's collaboration with anyone.

It is settled that the determination of sufficiency of counsel must be made within the context of the facts of a particular case. *State v. Rust, supra.* Defendant's claim that he was denied effective assistance of counsel is likewise without merit.

The record reveals that on June 20, 1980, Paulson filed an appeal in this court from his conviction and sentence in the District Court and that he was represented by counsel. However, defendant subsequently dismissed his direct appeal upon his own motion. The defendant has proceeded pro se in this post conviction action and now assigns as error the failure of the trial court to assign counsel for appeal. This contention is likewise without merit, for under the Post Conviction Act it is within the discretion of the District Court to determine whether legal counsel shall be appointed to represent a defendant on appeal to this court, and in the absence of a showing of an abuse of discretion, the failure to appoint counsel is not error. *State v. Williams,* 182 Neb. 444, 155 N.W.2d 377 (1967); Neb. Rev. Stat. § 29-3004 (Reissue 1979). In the present case the defendant has made no showing that there was an abuse of discretion by the trial court and there has been no error in this regard.

We determine that the defendant has not established any legitimate basis upon which his action for post conviction relief may lie. An examination of the record reveals no fatal defect of the type that could not be waived by entering a guilty plea. Upon entering his plea, Paulson waived any such defect, if any, which may have existed. The conviction and sentence of the trial court are affirmed.

AFFIRMED.