STATE OF NEBRASKA, APPELLEE, v. DAVID
STRANGHOENER, APPELLANT.

322 N.W.2d 407

Filed July 16, 1982. No. 81-731.

David Stranghoener, pro se.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The appellant, David Stranghoener, has appealed from an order entered by the District Court for Sarpy County, Nebraska, denying his request for post conviction relief. The trial court, after reviewing the motion, the records, and the files of the case, concluded that Stranghoener was entitled to no relief and denied his motion for post conviction relief without an evidentiary hearing. We affirm.

This is Stranghoener's second appearance in this court. We have earlier passed upon his direct appeal, where the facts of the case are set out in greater detail. See *State v. Stranghoener,* 208 Neb. 598, 304 N.W.2d 679 (1981). For purposes of this appeal it is sufficient to relate that Stranghoener was originally charged with first degree murder. The charge was subsequently amended to second degree murder pursuant to a plea bargain entered into between Stranghoener and the State. Stranghoener pled guilty to the amended charge before the trial court on January 14, 1980, and was sentenced to a term of 20 years in prison.

He has now filed for post conviction relief pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1979), alleging a host of claims

mostly in broad conclusionary terms and without specific factual allegations of the nature that would entitle him to any relief. This action seeking post conviction relief is filed pro se and is almost identical to the petition filed by Dennis J. Paulson, a codefendant in the original case. We have recently denied post conviction relief to Paulson. See *State v. Paulson,* 211 Neb. 711, 320 N.W.2d 115 (1982). As we noted in the *Paulson* case, *supra* at 713, 320 N.W.2d at 117: "It is well established that one seeking post conviction relief has the burden of establishing the basis for such relief and that the findings of the District Court in denying relief will not be disturbed on appeal unless they are clearly erroneous." See, also, *Marteney v. State,* 210 Neb. 172, 313 N.W.2d 449 (1981); *State v. Rust,* 208 Neb. 320, 303 N.W.2d 490 (1981).

Furthermore, we have frequently held that a defendant in a post conviction proceeding may not raise questions which could have been raised on direct appeal and which do not involve questions making the judgment of conviction void or voidable under the state or federal Constitutions. *State v. Shepard,* 208 Neb. 188, 302 N.W.2d 703 (1981); *State v. Cole,* 207 Neb. 318, 298 N.W.2d 776 (1980). Many of the claims now made by Stranghoener could have been included in his direct appeal if, in fact, such claims really existed. They may not now be raised and can be disregarded by us.

Likewise, in *Paulson, supra,* we again repeated our earlier announced rule to the effect that a voluntary guilty plea waives every defense to the charge, whether the defense is procedural, statutory, or constitutional, citing *State v. Coleman,* 209 Neb. 823, 311 N.W.2d 911 (1981), and *State v. Country,* 202 Neb. 509, 276 N.W.2d 110 (1979). It is only where a defendant maintains that his guilty plea was as a result of ineffective assistance of counsel that we consider claims which otherwise would have been waived by

a plea of guilty. See *State v. Hall,* 188 Neb. 130, 195 N.W.2d 201 (1972). However, where the claim of ineffective counsel is made, one must likewise show how or in what manner the alleged inadequacy prejudiced him. *State v. Holloman,* 209 Neb. 828, 311 N.W.2d 914 (1981); *State v. Colgrove,* 207 Neb. 496, 299 N.W.2d 753 (1980).

As in *Paulson,* an examination of the record in this case convinces us that the grounds urged by Stranghoener for post conviction relief are wholly frivolous. The record in this case clearly establishes that Stranghoener's counsel did the best a criminal defense lawyer could have done, given the strength of the case against his client. The transcript of the preliminary hearing is particularly revealing on this point. Stranghoener's attorney was one of six attorneys representing six codefendants at the consolidated preliminary hearings. Stranghoener's attorney cross-examined the prosecution's witnesses, called his own witnesses, objected to evidence and testimony, and moved for dismissal of the information. His attorney was at least as active and effective as the others. Nowhere in the record from any of the proceedings held either in the county court or the District Court is there any evidence to support the petitioner's allegations that his attorney conspired with the prosecution to convict him. Based on the record, the conclusion is inescapable that Stranghoener has failed to sustain his burden of showing ineffectiveness of counsel.

Our reexamination of the record in this case, as we originally examined it in the direct appeal case, leaves no doubt that Stranghoener was adequately and fully represented by counsel and the trial court was correct in determining that there was no legitimate basis upon which Stranghoener's action for post conviction relief might lie. The record discloses no fatal defect of the type that was not waived by entering the guilty plea. Nor does the record re-

veal any basis for his claim that he was not effectively represented by adequate counsel. Quite to the contrary, the record makes it clear that he was most adequately represented and is fortunate that he was not tried and convicted of first degree murder, as originally charged.

Similarly, Stranghoener has failed to establish his entitlement in District Court to an evidentiary hearing to attempt to broaden the record to encompass facts not raised in previous proceedings. It is true, and we have so held, that in a post conviction proceeding the files and records of the case must affirmatively establish that the prisoner is entitled to no relief or an evidentiary hearing must be granted. *State v. Svoboda,* 199 Neb. 452, 259 N.W.2d 609 (1977); *State v. Ford,* 198 Neb. 376, 252 N.W.2d 643 (1977). Likewise, where a petition alleges facts which, if true, would allow relief, but the record is silent respecting those allegations, the District Court is bound to hear the petitioner's evidence. See *State v. Svoboda, supra.* However, this standard does not require the court to grant an evidentiary hearing on the basis of bare conclusory allegations. See *State v. Paulson,* 211 Neb. 711, 320 N.W.2d 115 (1982).

Typical of Stranghoener's allegations going to ineffectiveness of counsel is the charge that "Petitioner's counsel threatened him on many occasions, that he would testify against him if he did anything against said counsel." While liberal judicial imagination could conceive facts consistent with this allegation which, if true, might show an involuntary guilty plea induced by counsel's misconduct, the District Court is not required by § 29-3001 to engage in such speculation in deciding whether an evidentiary hearing should be granted. Lacking allegations of fact specific enough to permit the trial court to make a preliminary determination of the question relating to violations of Stranghoener's constitutional rights, the District Court correctly rejected

his request for an evidentiary hearing. For the same reason, rejection by the trial court of Stranghoener's motion for appointment of counsel in this proceeding was proper, as that decision rests with the discretion of the District Court.

The order of the trial court denying post conviction relief is affirmed.

AFFIRMED.