**George Lee SHEPARD, Appellant,**

v.

**Warden H. SOLEM and Paul L. Douglas, Attorney General of Nebraska, Appellees.**

**No. 82–1162.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 7, 1982.

Decided Sept. 13, 1982.

Paul L. Douglas, Atty. Gen. of Nebraska, Mark D. Starr, Asst. Atty. Gen., Lincoln, Neb., for appellees.

Elizabeth Stuht Borchers of Gunderson, Abrahamson, Borchers & Grewe, Omaha, Neb., for appellant.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

In this application for habeas corpus relief, George Lee Shepard seeks to overturn his Nebraska conviction for first-degree sexual assault and the imposition of a seven- to twenty-one-year sentence. The trial court sentenced Shepard after he pled guilty to the charge in the 1978 state court proceedings. The district court[1] denied relief and Shepard brings this appeal. We affirm.

Shepard initially appealed his conviction to the Supreme Court of Nebraska, alleging that he had received an excessive sentence. The state Supreme Court affirmed but did not issue an opinion. Subsequently, Shep-

tion, he may bring suit for contribution on each particular installment.

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

ard unsuccessfully sought post-conviction relief in the Nebraska state courts. *See State v. Shepard*, 208 Neb. 188, 302 N.W.2d 703 (1981). Having exhausted his state remedies, Shepard sought relief in the federal district court. He contended that: (1) he received ineffective assistance of counsel on his guilty plea; (2) his guilty plea was induced unlawfully by threats from the prosecutor; and (3) his conviction was obtained unlawfully through the use of perjured testimony and a coerced confession. The district court denied relief based on the record made in the state court proceedings. This appeal followed.

Shepard now contends that: (1) the federal district court erred in deciding the case on the record made in state court and should have granted him an evidentiary hearing; (2) his guilty plea was not made voluntarily and intelligently because he did not receive effective assistance of counsel; and (3) he received an excessive prison sentence.

In a detailed opinion, the district court rejected the first two of Shepard's contentions. Because he did not raise the issue of an excessive sentence in the trial court, however, that issue will not be considered on appeal.

The federal district court noted that Shepard had not requested appointment of counsel nor an evidentiary hearing in the federal court. Nevertheless, on examination of the full record, it found "that petitioner's claims [could] be resolved on the basis of the state court record and that no evidentiary hearing [was] required in [that] Court."

On examination of the record, we agree.

Thereafter, the district court determined that Shepard had entered his guilty plea voluntarily and intelligently and, as a related matter to the plea, that his counsel afforded him competent representation.

The record supports that determination. Accordingly, we affirm.