STATE OF NEBRASKA, APPELLEE, V. HENRY S. WEBB, APPELLANT.

352 N.W.2d 624

Filed August 3, 1984. No. 83-840.

Henry S. Webb, pro se.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired.

BRODKEY, J., Retired.

Henry S. Webb, defendant below, has appealed to this court from an order entered by the district court for Douglas County, Nebraska, denying his request for post conviction relief. The trial court, after reviewing the motion, the records, and the files of the case, concluded that Webb was entitled to no relief, and denied the motion for post conviction relief without an evidentiary hearing.

Webb was arrested on May 13, 1980, for a robbery which occurred at the Airport Inn on that same date. On June 5, 1980, Webb appeared in district court with private counsel and pled not guilty to the robbery charge.

On June 26, 1980, Webb again appeared in district court. His private counsel was permitted to withdraw, and a Douglas County public defender was appointed to represent him. After an explanation by the court of the rights which would be waived by a plea of guilty or nolo contendere, and Webb's recital of

facts constituting a factual basis for the crime with which he was charged, Webb pled guilty to the charge of robbery.

On September 5, 1980, Webb appeared for sentencing. When the court inquired whether he had any legal reason why the sentence should not be imposed at that time, Webb's counsel answered that he did not. The court then reviewed Webb's rather extensive criminal record and the facts of the crime. There was some dispute about the violence involved, and after the court once again reviewed the facts as shown in the police reports, Webb denied them and asked, "Is there any way possible I can change my plea?" The court replied that there was not, and then sentenced Webb to not less than 6 nor more than 10 years' imprisonment in the Nebraska Penal and Correctional Complex. No motion for new trial was filed. Webb's court-appointed counsel then perfected an appeal to this court and later also filed a motion to withdraw as counsel, which motion was granted. The judgment was affirmed without opinion.

Webb then filed a petition for post conviction relief, alleging (1) that he was denied effective assistance of counsel because of the failure of his attorney to make a motion for withdrawal of the guilty plea (in his brief on appeal he contends that a written motion should have been made); (2) that the facts used by the district court in considering the sentence were untrue and therefore cast a taint upon the consideration of the sentence; and (3) that his guilty plea was not freely and voluntarily entered because he was under *constant* abuse by the Omaha police. Attached and made a part of the petition, apparently in support of this last allegation, was a copy of an opinion written by the U.S. Court of Appeals for the Eighth Circuit in a civil rights action filed by the appellant. The opinion sustained one of his three claims, and found that Webb had been abused by the police during an incident following the lineup on the day of his arrest.

To determine whether or not Webb was entitled to an evidentiary hearing, it is necessary to consider each of the above claims.

Webb's first contention alleged ineffective assistance of counsel based upon counsel's alleged failure to file a motion to

withdraw the guilty plea. The record reveals that at no point before sentencing or in his petition did Webb set forth any reasons for the withdrawal of the plea. The district court was not required to speculate as to all of the possible grounds or reasons for the withdrawal of the plea. As we pointed out in *State v. Stranghoener*, 212 Neb. 203, 322 N.W.2d 407 (1982), lacking allegations of fact specific enough to permit the trial court to make a preliminary determination of the question relating to this alleged violation of Webb's constitutional rights, the district court correctly rejected an evidentiary hearing on the issue of ineffective counsel.

With regard to Webb's challenge as to the complete accuracy of the facts upon which his sentence was based, we have previously held that matters relating to sentences imposed within statutory limits are not a basis for post conviction relief. *State v. Walker*, 197 Neb. 381, 248 N.W.2d 784 (1977). Webb's sentence of not less than 6 nor more than 10 years is well within the statutory limits for the offense of robbery. Therefore, that issue is not a proper one for post conviction relief, and no evidentiary hearing was required.

Webb's final contention in his petition was that his plea of guilty was not voluntarily entered due to constant abuse by the Omaha police.

The rule is well established that where the files and records of a case affirmatively show that the prisoner is entitled to no relief, an evidentiary hearing is not required. *State v. Stranghoener, supra*. At the time the appellant entered his guilty plea, the following conversation took place between Webb and the judge:

> THE COURT: Has anyone made any promises, Henry, of any kind or threatened you in any way or used any force directly or indirectly to induce you to plead guilty to the charge?
>
> THE DEFENDANT: No.
>
> THE COURT: If you plead guilty, will it be of your own free will?
>
> THE DEFENDANT: Yes.

As we pointed out in *State v. Waterman*, 215 Neb. 768, 774, 340 N.W.2d 438, 442 (1983):

A defendant who is mentally competent can no more assume one posture at the time of arraignment and then change positions afterwards to meet the exigencies of the situation than he can withhold facts from his attorney, and thereby experiment with one defense, and when that fails him, invoke the aid of the law to experiment with another which was fully known to him at the time.

The record affirmatively shows that the incident of abuse discussed in the petition is alleged to have occurred on May 13, 1980, over 6 weeks prior to the time Webb entered his guilty plea; that Webb pled not guilty on June 5, 1980; and that on June 26, 1980, with counsel present, Webb entered a plea of guilty, at which time he told the court that he had not been forced or threatened to plead guilty and that it was made of his own free will. There being an affirmative showing in the record that Webb is not entitled to relief, no evidentiary hearing was required, and we affirm the order of the district court overruling the motion for post conviction relief.

AFFIRMED.

WHITE, J., dissents.