STATE OF NEBRASKA, APPELLEE, V. FORREST W. HURLBURT, APPELLANT.
377 N.W.2d 108

Filed December 6, 1985.   No. 85-074.

Forrest W. Hurlburt, pro se.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Forrest W. Hurlburt appeals an order of the Cass County District Court dismissing Hurlburt's "Verified Motion to Vacate and Set Aside Conviction" made pursuant to the Nebraska Post Conviction Act. See Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1979). We affirm.

In 1983 Hurlburt was found guilty of manslaughter and sentenced to imprisonment for a term not less than 6 years and 8 months nor more than 20 years. Hurlburt appealed the conviction and sentence, arguing that the evidence was insufficient to support the conviction and that the sentence imposed by the district court was excessive. In *State v. Hurlburt*, 218 Neb. 121, 352 N.W.2d 602 (1984), this court affirmed the judgment of the district court.

On December 10, 1984, Hurlburt filed, pursuant to § 29-3001, a "Verified Motion to Vacate and Set Aside Conviction," contending, in substance, that various aspects of his jury trial denied constitutional guarantees under the Nebraska Constitution and the U.S. Constitution. Specifically, Hurlburt alleges that the district court committed error in (1) allowing misconduct on the part of a spectator; (2) allowing testimonial references to statements made by Hurlburt without warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); (3) allowing submission of an improper jury list; (4) allowing prosecutorial misconduct; (5) refusing to grant Hurlburt's motion for a change of venue; (6) improperly instructing the jury; and (7) refusing to dismiss a juror. Hurlburt also maintained that there was insufficient evidence to support his conviction.

On January 11, 1985, the district court, after reviewing the file and record in Hurlburt's case and without holding an evidentiary hearing, entered an order denying Hurlburt's motion, noting that the allegations contained in the motion did not raise questions involving "new evidence and that the post-conviction remedies cannot be used to secure further review of the issues already litigated." Hurlburt claims the

district court erred in denying his motion without holding an evidentiary hearing.

A motion for post conviction relief cannot be used to secure review of issues which either have already been litigated on a direct appeal, see, *State v. Boyer*, 220 Neb. 312, 369 N.W.2d 644 (1985), and *State v. Brown*, 220 Neb. 305, 369 N.W.2d 639 (1985), or which were known to defendant and counsel at time of trial, capable of being raised in a direct appeal, but not raised in defendant's direct appeal, see, *State v. Shepard*, 208 Neb. 188, 302 N.W.2d 703 (1981), *State v. Weiland*, 190 Neb. 111, 206 N.W.2d 336 (1973), and *State v. Lincoln*, 186 Neb. 783, 186 N.W.2d 490 (1971). In considering Hurlburt's direct appeal this court rejected Hurlburt's claim that the evidence was insufficient to support this conviction. Moreover, at the time of trial Hurlburt and his counsel had knowledge of the matters raised in the remaining allegations contained in Hurlburt's motion and could have raised such matters as part of Hurlburt's direct appeal. In this appeal Hurlburt suggests that he was denied effective assistance of counsel, but such issue was not raised by Hurlburt's verified motion and, therefore, was not presented to the district court as a question concerning post conviction relief. Hurlburt offers no explanation why the matters presented in his motion could not have been and were not raised as a part of his direct appeal.

Since the file and record in this case reveal that Hurlburt's motion to vacate and set aside his conviction does not raise matters entitling Hurlburt to relief under the Post Conviction Act, the district court properly denied Hurlburt an evidentiary hearing. See *State v. Williams*, 218 Neb. 618, 358 N.W.2d 195 (1984).

As this court stated in *State v. Weiland, supra* at 113, 206 N.W.2d at 338, "[t]here must be an end to litigation."

AFFIRMED.