STATE OF NEBRASKA, APPELLEE, V. HAROLD J. GROTZKY, APPELLANT.

382 N.W.2d 20

Filed February 21, 1986.   No. 85-364.

Richard E. Gee, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

40

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Harold J. Grotzky, appeals from the district court's denial of his motion for post conviction relief and the denial of an evidentiary hearing thereon. The district court found that defendant was "entitled to no relief" and that "pursuant to Neb. Rev. Stat. §29-3001 . . . an evidentiary hearing in this matter is not required." We affirm.

On February 15, 1984, an information was filed in Hall County District Court charging defendant with third offense driving while intoxicated on January 23, 1984, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984), and with driving a motor vehicle while his operator's license had been permanently revoked, in violation of Neb. Rev. Stat. § 39-669.08 (Reissue 1984). On March 27, 1984, another information was filed in Hall County District Court charging defendant with third offense driving while intoxicated on March 8, 1984, and with driving while his operator's license had been permanently revoked, in violation of the same statutes.

Defendant was arraigned for the January violations on March 12, 1984, and pled guilty to both counts. A factual basis was stated by the prosecution, and the pleas were found to be voluntary and were accepted by the court. Defendant was arraigned for the March offenses on April 18, 1984. At the arraignment for the March offenses, the charge of driving while intoxicated was dismissed pursuant to a plea negotiation, in return for which defendant pled no contest to the charge of driving during revocation. A factual basis was again stated by the prosecution, and the plea was found to be voluntary and was accepted by the court.

On April 9, 1984, defendant was sentenced for the January violations. He was sentenced to 6 months' imprisonment for third offense driving while intoxicated, and to not less than 20 months nor more than 5 years for driving during revocation of his license. The sentences were to run concurrently. On April 18, 1984, defendant was sentenced to not less than 20 months nor more than 5 years for the March violation of driving during

revocation of his license. The court ordered that the sentence for the March violation be served concurrently with the sentences for the January violations.

On October 1, 1984, defendant filed a motion for post conviction relief for his January and March convictions, under the provisions of Neb. Rev. Stat. § 29-3001 (Reissue 1979). After hearing the motion the trial court denied the relief requested and denied defendant's motion for an evidentiary hearing.

In this court defendant assigns three errors of the trial court: (1) In denying an evidentiary hearing; (2) In denying post conviction relief; and (3) In finding, "as a matter of law, that the defenses of insanity and excessive intoxication were not available to the Defendant, and that he therefore was not denied effective assistance of counsel, where counsel failed to adequately investigate and advise on these defenses." The issue raised by defendant is whether he was denied the effective assistance of counsel in entering his pleas to the charges against him.

An evidentiary hearing is not required on a motion seeking post conviction relief under § 29-3001 where the motion and the files and records of the case show that defendant is not entitled to post conviction relief. *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985); *State v. Williams*, 218 Neb. 618, 358 N.W.2d 195 (1984); *State v. Meredith*, 212 Neb. 109, 321 N.W.2d 456 (1982). If the district court correctly determined that neither defense set out in assignment No. 3 was available to defendant in this situation as a matter of law, the court properly denied the motion for an evidentiary hearing. For the following reasons we conclude that the district court was correct.

With regard to defendant's right to effective counsel, we held in *State v. Pearson*, 220 Neb. 183, 185, 368 N.W.2d 804, 807 (1985), "A defendant in a criminal action is not only entitled to counsel but to the effective assistance of counsel." The standard for determining the effectiveness of counsel in a criminal case is "whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area." *Id.* at 186, 368 N.W.2d at 807. See, also, *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984).

The right to counsel is, of course, a constitutional right and, as such, may be raised in a post conviction proceeding. § 29-3001.

In examining the records with regard to the general question of adequacy of counsel, to determine if an evidentiary hearing was necessary, the trial court knew at the time of the defendant's pleas to the January 1984 charges against him that defendant had been stopped for erratic driving, that he had the odor of alcohol on his breath, that he failed several field sobriety tests, and that the results of a breath test administered to him showed that he had twenty-three hundredths of 1 percent by weight of alcohol in his body fluids. The court was also informed that defendant's Nebraska driving privileges had been revoked for life in Hall County in 1982. With regard to the March 1984 violations, the court knew that defendant had been arrested while driving his automobile and while his license had been revoked. The trial court also knew that defendant had been sentenced to the Nebraska Penal and Correctional Complex in 1956, 1958, and 1963 for criminal offenses not involving driving a motor vehicle, and had been imprisoned in the Nebraska Penal and Correctional Complex in 1977 and 1981 for separate third offense drunk driving convictions. With this background it cannot be said that defendant's counsel was generally ineffective in representing defendant and obtaining concurrent (although maximum) sentences for one additional drunk driving charge and two additional charges of driving while his driver's license was revoked.

The specific thrust of defendant's post conviction appeal is the alleged incompetency of counsel in failing to advise defendant of the possibility of pleading excessive intoxication or insanity as defenses to both the driving while intoxicated charge and the two charges of driving while under permanent revocation of his driver's license. Defendant's underlying premise for this contention is that in each instance the State must prove criminal intent before a defendant may be found guilty of such charges. We do not agree.

Defendant was charged with violating §§ 39-669.07 and 39-669.08. We find that those statutes do not require intent as an element necessary to be proved by the State to show a violation of such statutes. Section 39-669.07 provides in part:

"It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor . . . or when that person has ten-hundredths of one per cent or more by weight of alcohol in his or her body fluid . . . ." Under the language of the statute, the elements the State must prove are that the defendant was operating or in actual physical control of the motor vehicle and doing so under the influence of alcoholic liquor or with ten-hundredths of 1 percent or more by weight of alcohol in his or her body fluids. Section 39-669.08 provides in part: "Any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been permanently revoked pursuant to this section shall be guilty of a Class IV felony." The language of this part of the statute does not require an intent element. The statute requires only that the State show that the defendant was operating a motor vehicle on the public streets and that the defendant's operator's license had been permanently revoked pursuant to this section when doing so.

In *State v. Jost*, 219 Neb. 162, 361 N.W.2d 526 (1985), this court was faced with a similar issue. In that case the defendant was accused "of operating a motor vehicle after and while [his] driver's license or operator's privilege had been withdrawn by proper authority." *Id.* at 168, 361 N.W.2d at 530. While a different statute was involved, its language did not include intent as an element of the State's burden of proof, and the court found that "[t]he State was required to prove by evidence beyond a reasonable doubt the elements of the offense, namely, that [defendant] did operate a motor vehicle on a public highway when [defendant's] driver's license or operator's privileges had been taken away by some lawful authority." *Id.* Violation of the statute in *Jost* did not involve an element of intent. We find *Jost* analogous and persuasive.

The same result was reached in *People v. Turner*, 64 Ill. 2d 183, 354 N.E.2d 897 (1976), where the Illinois Supreme Court held that the crime of driving a motor vehicle during suspension consisted of only two elements: (1) driving on a public road; and (2) at a time when the operator's driver's license had been suspended. See, also, *State v. Sonderleiter*, 251 Iowa 106, 99

N.W.2d 393 (1959); *State v. Merrifield*, 180 Kan. 267, 303 P.2d 155 (1956).

Since the element of criminal intent is not required to be established to prove a charge under §§ 39-669.07 and 39-669.08, the trial court was correct in determining that the defenses of excessive intoxication and insanity were not available to defendant. The district court was correct in denying defendant's petition for post conviction relief and in denying defendant's motion for an evidentiary hearing on such petition.

AFFIRMED.

WHITE, J., concurs in the result.