STATE OF NEBRASKA, APPELLEE, V. CHARLES GALVAN, APPELLANT.

382 N.W.2d 337

Filed February 28, 1986.   No. 85-319.

Charles Galvan, pro se.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant, Charles Galvan, has appealed from the order of the district court denying his motion for post conviction relief pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). The court, after reviewing the files and records in the case, denied the motion without an evidentiary hearing. The defendant has appealed from that order.

On May 7, 1984, the defendant was charged with two counts of robbery and two counts of use of a firearm in the commission of a felony arising out of robberies at a Taco Bell restaurant in Omaha, Nebraska, on March 15 and May 1, 1984. The defendant pleaded guilty to the robbery charges in exchange for the dismissal of the firearm charges.

On August 22, 1984, the defendant was sentenced to imprisonment for 2 to 4 years on the first robbery count and to 3 to 5 years on the second robbery count, the sentences to run consecutively.

A defendant is entitled to post conviction relief only when there has been a denial or infringement of his constitutional rights so as to render the judgment void or voidable. § 29-3001. The defendant bears the burden of establishing the basis for relief, and in order to state a cause of action the application must allege facts which, if proved, constitute a denial of his constitutional rights. See, State v. Hochstein, 216 Neb. 515, 344 N.W.2d 469 (1984); State v. Glasenapp, 212 Neb. 99, 321 N.W.2d 450 (1982). Allegations which are conclusory are not grounds for post conviction relief, nor do they require the court to grant an evidentiary hearing. See, State v. Glasenapp, supra; State v. Stranghoener, 212 Neb. 203, 322 N.W.2d 407 (1982); State v. Paulson, 211 Neb. 711, 320 N.W.2d 115 (1982).

The trial court may properly deny an evidentiary hearing when the records and files in the case affirmatively establish

that the defendant is entitled to no relief. *State v. Webb*, 218 Neb. 238, 352 N.W.2d 624 (1984); *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985); *State v. Meredith*, 212 Neb. 109, 321 N.W.2d 456 (1982). This court upon review will not disturb the findings of the district court unless they are clearly erroneous. *State v. Pearson*, 220 Neb. 183, 368 N.W.2d 804 (1985).

Upon direct appeal the judgments were affirmed pursuant to Neb. Ct. R. 3B (rev. 1983). *State v. Galvan*, 218 Neb. xxxii (cases Nos. 84-671, 84-672; Nov. 21, 1984). The disposition of a case pursuant to rule 3B is a disposition on the merits, and the court considers not only errors discussed in the brief in support of the motion but also any possible error which can be determined from the record. *State v. Sanders*, 220 Neb. 308, 369 N.W.2d 641 (1985). Generally, matters which were or which could have been raised on direct appeal are not a basis for post conviction relief. *State v. Pope*, 218 Neb. 361, 355 N.W.2d 216 (1984).

The defendant alleged two grounds for relief in his motion: (1) Defendant's guilty plea was unlawfully induced and involuntarily made; and (2) Defendant was denied effective assistance of counsel in that his court-appointed counsel was directed to represent contemporaneously the interests of both defendants.

As to the defendant's first contention, it is clear from the record that the defendant's pleas were voluntary. The defendant was charged with four felony counts. The sentences for two of the four counts were required by statute to be imposed consecutively to any other sentence imposed. Neb. Rev. Stat. § 28-1205 (Reissue 1979). The plea bargain which resulted in the firearm charges being dismissed avoided additional consecutive sentences which might have been imposed.

The defendant was fully advised of his right to refuse the plea bargain and stand trial. Yet, he knowingly and intelligently waived that right in open court. The trial court asked the defendant four times if he understood the consequences of a plea of guilty, and each time the defendant replied, "Yes." The judge also asked if the defendant had been threatened or promised a lighter or lenient sentence in exchange for his guilty

plea, and the defendant replied, "No." The record demonstrates that the defendant's guilty pleas were not involuntary or unlawfully induced.

The defendant was represented by the same counsel who was appointed to represent the accomplice in the second robbery. The record shows that the defendant waived any right he might have had to the appointment of separate counsel. A defendant can waive the right to the appointment of separate counsel if the waiver is made voluntarily and intelligently. *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984).

The record shows that the trial court was aware of a possible conflict of interest and advised the defendant that he had a right to have a separate attorney appointed. The court also advised the defendant that he could waive this right. The defendant, in response, stated that he understood what the court was saying and that he wished to waive his right to have another attorney appointed.

The record sustains the denial of the motion for post conviction relief without an evidentiary hearing, and the judgment of the district court is affirmed.

AFFIRMED.