STATE OF NEBRASKA, APPELLEE, V. ROBIN V. APODACA,
APPELLANT.

388 N.W.2d 837

Filed June 20, 1986.   No. 85-793.

Robin V. Apodaca, pro se.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendant, Robin V. Apodaca, appeals from the district court's denial of his motion for postconviction relief without granting defendant a hearing. The district court found that defendant was "entitled to no relief" after it "examined the motion and the file and the records." We affirm.

While the transcript does not contain the information filed against defendant, the bill of exceptions indicates that he was originally charged with 15 counts of burglary. Defendant pled not guilty. Pursuant to a plea negotiation, defendant changed his plea and pled guilty to 4 counts of burglary in return for the dismissal of the remaining 11 counts. Before accepting his plea of guilty, the district court informed defendant of all his constitutional rights pursuant to this court's holding in *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), and informed him of the penalty for the crimes to which he was pleading. The court then found that defendant's pleas of guilty were supported by a factual basis and were knowingly, intelligently, and voluntarily entered, and accepted the pleas. Defendant was sentenced to terms of 6 to 8 years at the Nebraska Penal and Correctional Complex on each of three burglaries of business establishments. The sentences were to run concurrently. Defendant was sentenced to a term of 6 to 12 years for the burglary of a residence. The residence burglary sentence was to run consecutively to the other sentences.

The record shows that defendant's counsel filed a motion to suppress before the entering of the guilty pleas. The motion alleged a violation of defendant's constitutional rights against unlawful searches and seizures, and requested the suppression of evidence seized from his place of residence. The basis for the motion was defendant's allegation that the search was warrantless, without exigent circumstances, without probable cause, and without the consent of anyone with the authority to authorize a search. The district court held a suppression hearing on the motion, and overruled the motion to suppress evidence seized from defendant's trailer home. The court found that defendant's wife had consented to the search.

On August 21, 1985, defendant filed a motion for postconviction relief under Neb. Rev. Stat. § 29-3001 (Reissue

1985). The court reviewed the record and denied the relief without an evidentiary hearing.

Defendant assigns three errors in this appeal. He alleges that the court erred in (1) "denying the appellant an evidentiary hearing," (2) "refusing the appellant the use of the Bill of Exceptions," and (3) "finding the appellant did receive effective assistance of counsel."

Based upon a review of the record, we determine that the court did not err in denying an evidentiary hearing. An evidentiary hearing is not required on a motion seeking postconviction relief when the motion and the files and records of the case show that a defendant is not entitled to such relief. *State v. Grotzky*, 222 Neb. 39, 382 N.W.2d 20 (1986).

The only assignment of error worthy of discussion is that of ineffective assistance of counsel. In a criminal action a defendant is entitled not only to counsel but to effective assistance of counsel. *Grotzky, supra*. The standard for determining the effectiveness of counsel in a criminal case is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. *Id*. Further, defendant has the burden to show how or in what manner his counsel was ineffective. *State v. Webb*, 218 Neb. 238, 352 N.W.2d 624 (1984); *State v. Stranghoener*, 212 Neb. 203, 322 N.W.2d 407 (1982).

Defendant's only allegation in his brief, as to the ineffectiveness of his counsel, asserts that his counsel failed to inform him of fourth amendment defenses regarding the exclusion of illegally seized evidence. The record shows that defendant's counsel specifically raised the very issue defendant alleges that he was not informed of. A hearing was held on his counsel's motion to suppress the allegedly illegally seized evidence. The issue was determined against defendant. Defendant's counsel was not ineffective.

With regard to the second assignment of error, we determine that it has no merit. In his reply brief at 1, defendant states that he "was able to obtain use of said Bill of Exceptions." His allegation that the court erred in refusing him the bill of exceptions has no basis in fact.

Finally, with regard to the correctness of the trial court's

action in overruling the motion to suppress, we express no opinion. We note that a postconviction proceeding may not be used to raise issues which could have been, but were not, raised on direct appeal. *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985). Defendant's direct appeal challenged only the excessiveness of his sentence. His sentence was affirmed at 216 Neb. xxii (case No. 83-647; Mar. 21, 1984).

AFFIRMED.