STATE OF NEBRASKA, APPELLEE, V.
CHAD L. SVOBODA, APPELLANT.
690 N.W.2d 821

Filed January 11, 2005.   No. A-04-794.

Kent E. Rauert, of Svehla, Barrows, Thomas & Rauert, P.C., for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

SIEVERS, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Chad L. Svoboda appeals from a judgment and sentence of imprisonment upon his pleas of no contest to theft by receiving stolen property and possession of a controlled substance. The matter was submitted without oral argument pursuant to Neb. Ct. R. of Prac. 11E(5)a (rev. 2000). Because we conclude that (1) Svoboda's pleas waived any error in the overruling of his motion for suppression of evidence; (2) Svoboda concurred with the limitation of the trial court's inquiry into Svoboda's request for appointment of replacement counsel, thereby inviting any error concerning the extent of inquiry; (3) Svoboda waived any error committed when the trial court failed to make truth in sentencing advisements; and (4) Svoboda failed to provide a record sufficient for examination for plain error in the acceptance of his pleas, we affirm.

## BACKGROUND

Svoboda was initially charged with five crimes, including theft by receiving stolen property and possession of a controlled

substance. After an evidentiary hearing, the trial court overruled Svoboda's motion to suppress certain evidence and scheduled the matter for trial. After certain other pretrial proceedings and at Svoboda's request, the district court continued the trial to a later date. Two days before the rescheduled trial date, Svoboda wrote to the trial judge a letter requesting appointment of replacement counsel. On April 22, 2004, the date of the rescheduled trial, the court conducted a hearing upon Svoboda's request. Responding to the trial court's inquiry regarding the basis for the request, Svoboda stated:

> Well, first of all, um, the basis is that, um, about two months ago when we were in here before, um, we filed to have taken depositions. And one was to talk to, um, ah, Camie Dove from the Nebraska State Patrol Crime Lab. And however, the Court stating that in order to save time and money and so on, and said something to the effect that, you know, um, that it is the defendant's right to do so, that you — the Court asked my lawyer to, um, contact her by phone and — and to speak with her that way, through that way.
>
> However, I contacted Camie Dove yesterday or on 4/20 at 11:45 a.m. I asked — I asked her if [Svoboda's trial counsel] had contacted her, and she stated that no, he has never contacted her yet. And, um, that was a trial strategy that we were supposed to have done which wasn't done.
>
> Um, oh, let's see here. Secondly, um, I have an attorney . . . who is representing me on a theft charge which consists of the same — out of the same incident in Merrick County; and, um, he gave me a copy of some police reports and he stated that, um, that they had an on-board camera in the vehicle and that they were still in the process of getting the tape on that. However, the county attorney here hasn't provide[d] that to the defense.
>
> And, um, um, also, um, there was [sic] new witnesses that were presented, um, that I feel that need depositions to be taken due to the fact that there's a lot of inconsistencies in their stories. I guess that's it, Your Honor.

The trial court solicited a response from Svoboda's trial counsel, who responded essentially that he did not "want to give away [his] trial strategy to the prosecution at this time." When

the court responded that it did not expect Svoboda's counsel to "tip [his] hand as to how [he] intend[ed] to try the case," Svoboda responded, "That's true." Svoboda then added, "[M]y attorney out of Hall County did get — well, this was a motion to get depositions done on those new witnesses, and they had a hearing on it yesterday which it has been approved, but I haven't received a copy of the approval granting it." The trial court found no sufficient basis for removal of Svoboda's trial counsel and overruled the motion.

Because the State had a problem with the appearance of certain witnesses at trial and because after consulting with Svoboda, Svoboda's trial counsel expressed the possibility of reaching a plea agreement concerning the instant case and related proceedings in Hall County, the district court, without objection, again continued the trial.

On May 3, 2004, prior to the rescheduled trial date, Svoboda and his trial counsel appeared before the court and advised the court of a plea bargain. Under that plea bargain, the charge of theft by receiving stolen property was to be reduced from a felony to a Class I misdemeanor, the other charges except possession of a controlled substance would be dismissed, and Svoboda would plead no contest to the remaining two charges. A rearraignment followed, which proceeding we discuss in more detail in the analysis section of this opinion. The trial court accepted Svoboda's pleas of no contest and adjudged Svoboda guilty of the two remaining charges. The trial court then scheduled a sentencing hearing, which was to follow a presentence investigation.

At the conclusion of the sentencing proceeding on June 21, 2004, the following colloquy occurred upon pronouncement of sentence:

[The court]: It's going to be the sentence of the Court that with respect to Count I of the Information, [Svoboda] shall be incarcerated for a period of one year.

With respect to Count II, he'll be incarcerated for a period of not less than 20 months nor more than five years. These sentences will run concurrently with one another. I don't have the authority to make them concurrent with Hall County because [Svoboda] hasn't been sentenced there yet.

[Svoboda] is granted credit for whatever time he's served here. I don't know how much that was. Do you know, [Svoboda's counsel]?

[Svoboda's counsel]: I unfortunately don't know, Your Honor.

THE COURT: I'll check that and make that part of the order.

[Svoboda's counsel]: And will any bond being held be released to . . . Svoboda?

THE COURT: Yes, his bond will be released.

[Svoboda's counsel]: Okay. Thank you.

THE COURT: . . . Svoboda's remanded to the custody of the Sheriff.

## ASSIGNMENTS OF ERROR

Svoboda asserts that the trial court erred in (1) overruling his motion to suppress, (2) denying his request for appointment of substitute counsel, and (3) failing to advise him, on the record, of his parole eligibility date and his mandatory release date as required by Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2004). Svoboda also asserts that the trial court committed plain error by accepting his no contest pleas in the absence of a showing on the record that the pleas were entered intelligently and voluntarily.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

An appellate court always reserves the right to note plain error which was not complained of at trial. *State v. Davlin*, 263 Neb. 283, 639 N.W.2d 631 (2002). Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

## ANALYSIS

*Acceptance of No Contest Pleas.*

 ██ Citing *State v. Hays*, 253 Neb. 467, 570 N.W.2d 823 (1997), Svoboda asserts that it is plain error for a trial judge to accept a criminal defendant's guilty plea without an affirmative showing that it was intelligent and voluntary, and a conviction must be set aside if it is the result of an invalid plea. Of course, a plea of no contest is equivalent to a plea of guilty. *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003). To support a finding that a plea of guilty or no contest has been voluntarily and intelligently made, the court must (1) inform the defendant concerning (a) the nature of the charge, (b) the right to assistance of counsel, (c) the right to confront witnesses against the defendant, (d) the right to a jury trial, and (e) the privilege against self-incrimination; and (2) examine the defendant to determine that he or she understands the foregoing. Additionally, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Hays, supra.*

Svoboda's initial brief on appeal argues that a rights advisement alone, without some affirmative showing on the record that the rights were understood, renders Svoboda's no contest pleas invalid. However, as the State notes in its brief, Svoboda's initial brief does not specifically point to what is missing from the record regarding the advisement of rights given up by a no contest plea. In Svoboda's reply brief, he argues that it is not enough for the trial court to ascertain whether a defendant understands that he or she is waiving certain rights; rather, the inquiry must also include a showing that the defendant understands the rights that he or she is waiving. Svoboda acknowledges that the trial court clearly informed him that he would be waiving certain rights by entering his no contest plea, including the right to a speedy public trial, the right to a jury trial, the right of confrontation, the right to present evidence, and the right to call or subpoena his own witnesses. Svoboda acknowledges that the trial court inquired if Svoboda understood he would be waiving or giving up all of these rights if he pled no contest, to which inquiry Svoboda responded, "Yes." The trial court also specifically advised Svoboda of his right to have counsel at all stages of

the proceedings. Svoboda argues that the record "fails to demonstrate that [he] understood the rights that were being waived." Reply brief for appellant at 4.

In response, the State first argues that plain error applies when an appellate court discovers error on the record; it is not a broad assertion to be assigned by the parties on appeal. *State v. Egger*, 8 Neb. App. 740, 601 N.W.2d 785 (1999). The State contends that plain error is a doctrine of judicial prerogative, not a substitute for failure to assign errors or to preserve those errors at trial.

Assuming, without deciding, that Svoboda is entitled to raise the matter of plain error, the record of the rearraignment on May 3, 2004, shows the trial court's statement, which Svoboda affirmatively acknowledged, reciting that the court "went over your . . . Constitutional rights at another time with you also." Once a defendant is informed of his or her constitutional rights, there is no requirement that the court advise the defendant on each subsequent court appearance of that same right. *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), *overruled on other grounds, State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999). Svoboda has not included in the bill of exceptions the record of that earlier arraignment. Without that record, we cannot determine the full extent of the trial court's advisements of rights and Svoboda's responses. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Harris*, 263 Neb. 331, 640 N.W.2d 24 (2002). In the absence of the record of the earlier arraignment, we cannot determine the existence or nonexistence of plain error in the acceptance of Svoboda's pleas of no contest.

*Motion to Suppress.*

The State contends that Svoboda's pleas of no contest waived any error committed by the trial court in overruling Svoboda's motion to suppress. A plea of guilty, voluntarily entered, is conclusive and eliminates all questions of admissibility of evidence. *State v. Burnside*, 185 Neb. 234, 175 N.W.2d 1 (1970). This is because a plea of guilty waives all defenses except that the information fails to charge an offense. *Id.* There is no difference between the constitutional rights waived by a defendant

by a no contest plea and those so waived by a guilty plea. See *State v. Obst*, 12 Neb. App. 189, 669 N.W.2d 688 (2003).

Svoboda argues that the decision in *State v. Apodaca*, 223 Neb. 258, 388 N.W.2d 837 (1986), seems to indicate that a direct appeal of an order denying a motion to suppress may be filed following the entry of a plea of no contest. In *Apodaca*, the Nebraska Supreme Court reviewed the district court's denial of a motion for postconviction relief without granting an evidentiary hearing. At the end of the opinion and although it was apparently not assigned as error, the Supreme Court declined to express an opinion regarding the correctness of the trial court's earlier action in overruling the defendant's motion to suppress. The Supreme Court noted that a postconviction proceeding may not be used to raise issues which could have been, but were not, raised on direct appeal. From this statement, Svoboda infers that on direct appeal, the defendant in *Apodaca* could have challenged the overruling of the motion for suppression of evidence, despite the plea of no contest. The Nebraska Supreme Court certainly did not expressly so hold. We do not believe that this oblique reference contradicts both the many cases stating that a guilty plea waives suppression issues and the subsequent authority determining that a no contest plea accomplishes the same result.

*Request for Substitute Counsel.*

The State contends that by pleading no contest, Svoboda waived any error in the trial court's refusal to appoint substitute counsel for Svoboda. Citing *State v. Davlin*, 265 Neb. 386, 658 N.W.2d 1 (2003), Svoboda contends that the trial court "failed in its duty to thoroughly inquire into [Svoboda's] complaint." Brief for appellant at 17. As noted above, the trial court allowed Svoboda a full opportunity to explain his complaints. The trial court also made an inquiry to trial counsel regarding those concerns, to which inquiry trial counsel responded that he did not wish to compromise the confidentiality of his trial strategy. The record then shows that Svoboda expressly concurred in the trial court's declination to compel any such disclosure. A defendant in a criminal case may not take advantage of an alleged error which the defendant invited the trial court to commit. *State v. Mata*, 266 Neb. 668, 668 N.W.2d 448 (2003). Svoboda cannot

now complain that the trial court failed to further inquire. See *State v. Dunster*, 262 Neb. 329, 631 N.W.2d 879 (2001).

*Failure to Make Truth in Sentencing Advisements.*

Finally, Svoboda asserts that at the time of sentencing, the trial court erroneously failed to advise Svoboda, on the record, of his parole eligibility date and his mandatory release date as required by § 29-2204. Section 29-2204 provides in pertinent part:

(1) [I]n imposing an indeterminate sentence upon an offender the court shall:

. . . .

(b) Advise the offender on the record the time the offender will serve on his or her minimum term before attaining parole eligibility assuming that no good time for which the offender will be eligible is lost; and

(c) Advise the offender on the record the time the offender will serve on his or her maximum term before attaining mandatory release assuming that no good time for which the offender will be eligible is lost.

If any discrepancy exists between the statement of the minimum limit of the sentence and the statement of parole eligibility or between the statement of the maximum limit of the sentence and the statement of mandatory release, the statements of the minimum limit and the maximum limit shall control the calculation of the offender's term.

We can find no previous case, where an indeterminate sentence was authorized and imposed, in which it was alleged that the trial court wholly failed to make the truth in sentencing advisements. Compare *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998) (where trial court impermissibly attempted to impose indeterminate sentence to county jail, it was not possible to comply with truth in sentencing provisions).

The State argues that Svoboda failed to supply a record to support this allegation because "there is no bill of exceptions from the actual sentencing on June 21, 2004." Brief for appellee at 10. We note that there were four separate volumes of bills of exceptions filed. The first bill of exceptions was filed in the trial court on July 14, 2004, followed by supplemental volumes filed on August 24, September 13, and September 23. The three supplemental volumes, filed with the trial court in August and

September, were filed with this court on October 6. However, the original bill of exceptions, which contains the sentencing proceedings on June 21, for some reason not apparent in our records was not filed with the clerk of this court until November 1, after the filing of the State's brief on appeal. It is apparently for this reason that the State concluded that there was no bill of exceptions containing the sentencing proceedings. We note that Svoboda's initial praecipe for bill of exceptions, filed at the time of the notice of appeal and included in our transcript, expressly requested the sentencing proceedings on June 21. The official court reporter evidently complied with the praecipe and filed the requested bill with the trial court. Thus, Svoboda did supply a sufficient record to address this claim.

In *State v. Glover*, 3 Neb. App. 932, 535 N.W.2d 724 (1995), this court addressed a situation where a sentencing court mistakenly indicated an incorrect parole eligibility date. Based on § 29-2204, we concluded that any discrepancy between the sentence imposed and a misstatement concerning parole eligibility is resolved by giving effect to the sentence actually imposed, not the misstatement. Compare *State v. Wilson*, 4 Neb. App. 489, 546 N.W.2d 323 (1996) (statements concerning good time and sentence actually imposed created uncertainty about what sentence court intended to impose).

In the instant case, the record clearly establishes that at the time of sentencing, the trial court did not make any truth in sentencing advisement. However, we note that generally, where no objection is made at a sentencing hearing when a defendant is provided an opportunity to do so, any claimed error is waived and is not preserved for appellate review. See *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990). As the proceedings which we quoted above demonstrate, at the time of the trial court's failure to make the truth in sentencing advisements, Svoboda was provided an opportunity to object and Svoboda's trial counsel indeed utilized that moment to inquire regarding bond. We see no reason why, at that time, Svoboda could not have raised the issue of the court's failure to pronounce the truth in sentencing advisements. Had such omission been called to the trial court's attention at that time, it could have been easily remedied. We hold that by failing to bring the matter to the attention of the trial court

when Svoboda was afforded an opportunity to do so, he waived this error.

## CONCLUSION

Because we are presented with an incomplete record for examination for plain error and because we conclude that Svoboda's assigned errors lack merit, we affirm.

AFFIRMED.