Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/14/2025 09:14 AM CST

State of Nebraska, appellee, v.
Schuyler D. Dawn, Jr., appellant.

___ N.W.3d ___

Filed November 14, 2025.    No. S-25-021.

1. **Criminal Law: Motions for Continuance: Appeal and Error.** A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.

2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

3. **Sentences: Probation and Parole: Appeal and Error.** A determination of whether there are substantial and compelling reasons under Neb. Rev. Stat. § 29-2204.02(2)(c) (Reissue 2016) that an offender cannot effectively and safely be supervised in the community on probation is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion.

4. **Motions for Continuance: Appeal and Error.** A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial.

5. **Criminal Law: Motions for Continuance: Appeal and Error.** Where the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion.

6. **Sentences: Probation and Parole.** The court may fulfill the requirement of Neb. Rev. Stat. § 29-2204.02(3) (Reissue 2016) to state on the record its reasoning as to why probation is not imposed by a combination of the sentencing hearing and sentencing order.

7. **Sentences: Penalties and Forfeitures: Appeal and Error.** Generally, where no objection is made at a sentencing hearing when a defendant

is provided an opportunity to do so, any claimed error is forfeited and is not preserved for appellate review.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Joy Shiffermiller, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Bergevin, JJ.

Funke, C.J.

## INTRODUCTION

Schuyler D. Dawn, Jr., appeals his sentence in the district court for Lancaster County, Nebraska, to a term of imprisonment for a Class IV felony. Dawn claims the district court failed to follow Neb. Rev. Stat. § 29-2204.02 (Reissue 2016) when it found that he was not a suitable candidate for probation and instead sentenced him to imprisonment. Dawn also claims the district court erred in denying his request to continue sentencing, in failing to notify him of his right to appeal as is required under § 29-2204.02(3), and in failing to provide the truth-in-sentencing advisement required under § 29-2204.02(7). Finding no merit in those arguments, we affirm the judgment of the district court.

## BACKGROUND

Dawn was charged with two counts of theft by shoplifting, $0 to $500, third or subsequent offense, after he stole three pairs of sunglasses from an optometrist's office. A charge of resisting arrest, second or subsequent offense, was later added.

Ultimately, Dawn pled guilty to one count of theft by shoplifting, $0 to $500, third or subsequent offense, and the State dismissed the other two counts charged in this matter,

as well as a separate criminal matter in Lancaster County. The district court accepted Dawn's plea and found him guilty of the underlying offense.

An enhancement and sentencing hearing was subsequently held. At that hearing, the court received evidence of Dawn's prior shoplifting convictions and found that those convictions were valid prior convictions for purposes of enhancement, making the current offense a Class IV felony.

The court then proceeded to sentencing. The court began by stating that it had received, reviewed, and considered the presentence investigation report, as well as a substance abuse evaluation of Dawn completed by an inpatient treatment center 3 days before the sentencing hearing. The court asked if there were any additions or corrections that needed to be made to this information, and Dawn's counsel stated that Dawn had recently undergone knee surgery and was scheduled to start physical therapy in several weeks. Dawn's counsel also stated that Dawn was on the waitlist at an inpatient treatment center and could start treatment there as soon as 3 days after the sentencing hearing.

Dawn exercised his right to allocution and stated, as relevant here, that he went to the inpatient treatment center because he "want[ed] help" with his "drug and alcohol problem." Dawn said that he believed such treatment would "get [him] back on the right track and save [his] life." Dawn asked the court to grant a continuance so that he could receive inpatient treatment.

The court then clarified that two other criminal cases against Dawn were still pending in Saline County before engaging in a colloquy with Dawn about certain discrepancies between the presentence investigation report and his substance abuse evaluation. As is relevant here, the presentence investigation report stated that Dawn last used alcohol, cocaine, and methamphetamine at least 8 years ago. However, the substance abuse evaluation stated that Dawn had used alcohol, "K2," cocaine, and methamphetamine on

the day of the evaluation—which, as previously noted, was completed 3 days before the sentencing hearing. The district court suggested that Dawn had changed his account of when he last used certain substances because he knew that if he said he was "actively using cocaine that [he's] going to get a residential treatment recommendation." The district court also seemed skeptical of Dawn's claim that he used all those substances while recovering from knee surgery.

After that colloquy, the court asked the State's views about Dawn's request for a continuance. The State objected to the request, noting that Dawn had previously been granted a continuance without any objection by the State and that Dawn had requested other continuances before he entered his plea. The State opined that in its belief, Dawn intended to "drag this case on as long as possible" to avoid going to prison.

The court denied Dawn's request for a continuance and asked for any further comments about sentencing. At that point, Dawn's counsel asked the court to consider the "relatively low dollar value" of the theft; the fact that the property was recovered; Dawn's history, character, condition, and current circumstances; his substance abuse evaluation and the recommendation for inpatient treatment; his "other medical needs"; the dependents who rely on him for support; and the nonviolent nature of the offense. The apparent import of those factors was that the court should be lenient in sentencing Dawn. However, Dawn's counsel did not advocate for any specific sentence.

The court sentenced Dawn to a "determinate term" of 2 years' of imprisonment and 0 months' post-release supervision. The court said that it took into consideration the "generous plea offer" Dawn received in the present matter. The court also said:

> [It finds], pursuant to Nebraska law, that there are substantial and compelling reasons why [Dawn] cannot effectively and safely be supervised in the community on probation.

Having regard for the nature and circumstances of the crime, and [Dawn's] history, character, and condition . . . , the [c]ourt finds that imprisonment . . . is necessary for the protection of the public because the risk is substantial that[,] during any period of probation[, Dawn] would engage in additional criminal conduct, and because a lesser sentence would depreciate the seriousness of [Dawn's] crime and promote disrespect for the law.

. . . .

The amount of time [Dawn] must serve before being released is set forth in Nebraska law.

The language of the sentencing order generally mirrored that of the sentencing hearing.

Dawn timely appealed the order of the district court, and we moved the matter to our docket.[1]

## ASSIGNMENTS OF ERROR

In his brief on appeal, Dawn assigned, reordered, renumbered, and restated, that the district court erred in (1) denying his motion to continue sentencing, (2) failing to follow § 29-2204.02 when it sentenced him to imprisonment instead of probation, (3) failing to provide notice of his right to appeal as required under § 29-2204.02(3) and a truth-in-sentencing advisement as required under § 29-2204.02(7), and (4) imposing an indeterminate sentence. However, at oral argument before this court, Dawn conceded that the sentence imposed by the district court was a determinate sentence, and he withdrew his claim that the district court erred in imposing an indeterminate sentence.

## STANDARD OF REVIEW

[1,2] A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

not be disturbed on appeal absent an abuse of discretion.[2] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[3]

[3] A determination of whether there are substantial and compelling reasons under § 29-2204.02(2)(c) that an offender cannot effectively and safely be supervised in the community on probation is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion.[4]

## ANALYSIS

### DENIAL OF MOTION TO
### CONTINUE SENTENCING

Dawn argues that the district court erred in denying his motion to continue sentencing so that he could attend inpatient treatment for substance abuse. Dawn claims that his motion was "rejected . . . out of hand,"[5] with the apparent implication that the district court should have provided some further discussion of its decision on the record. Dawn also argues that the denial of his motion for a continuance was detrimental to him because had he been granted a continuance, he "would have engaged"[6] in the planned course of inpatient treatment and thus been in a better position to show that there were "no longer substantial and compelling reasons why he could not effectively and safely be supervised in the community on probation."[7] The State concedes that as a result of the court's decision to deny the continuance, Dawn was unable

---

[2] *State v. Ramos*, 319 Neb. 511, 23 N.W.3d 640 (2025).

[3] *Id*.

[4] See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

[5] Brief for appellant at 14.

[6] *Id*.

[7] *Id*. at 15.

to engage in the recommended inpatient treatment. However, the State argues that Dawn cannot show he was prejudiced by the denial of his request for a continuance, because there is nothing in the record to suggest that the inpatient treatment would have been successful or that completion of the inpatient treatment would have resulted in a lesser sentence, and that other factors supported a sentence of imprisonment.

[4,5] As previously noted, we review a trial court's decision whether to grant a continuance for an abuse of discretion. A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial.[8] Also, where the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion.[9]

We agree with the State that the district court did not abuse its discretion in denying Dawn's motion for a continuance. Dawn cites no authority requiring the district court to provide further elaboration when denying a request for a continuance, and he relies upon speculation that had he been granted the continuance, he would have successfully completed the recommended inpatient treatment and then would have received a sentence of probation. However, as the State observes, there is nothing in the record before us on appeal to support such speculation. To the contrary, Dawn's argument effectively ignores other information in the record that, as discussed later in the opinion, could have been seen to support a sentence of imprisonment even if Dawn had completed inpatient treatment.

The record also shows that Dawn had already been granted at least nine continuances of pretrial conferences or of the

---

[8] See *Ramos, supra* note 2.

[9] *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025).

scheduled trial, a factor that would seem to support the State's claim that Dawn asked to continue sentencing to delay matters. Moreover, the record before us shows that Dawn's decision to seek substance abuse treatment was made shortly before the sentencing hearing. However, only 3 months earlier, when a probation officer interviewed Dawn for purposes of the pre-sentence investigation report, Dawn stated that his last use of alcohol, cocaine, or methamphetamine was at least 8 years ago and that he "did not believe he was in need of substance abuse treatment at [that] time." At some point in the interven-ing period, Dawn apparently changed his thinking regarding inpatient treatment and decided that such treatment was neces-sary to "save [his] life." While this change in Dawn's thinking may reflect a genuine epiphany about his need for treatment, it does not change the fact that Dawn was in control of when he admitted his substance abuse issues and when he sought inpatient treatment.[10]

## ALLEGED FAILURE TO FOLLOW § 29-2204.02 WHEN SENTENCING DAWN TO IMPRISONMENT

Dawn also argues that the district court failed to follow § 29-2204.02 when it found that he was not a suitable candi-date for probation and instead sentenced him to imprisonment for a Class IV felony. The State disagrees.

---

[10] See *Ben M. v. State, DHSS, OCS*, 204 P.3d 1013 (Alaska 2009) (trial court did not abuse its discretion in denying appellant's request to continue case so that he could enter substance abuse treatment where appellant had opportunity to enter treatment while case was pending). See, also, *State v. Svoboda*, No. A-22-220, 2023 WL 364522 (Neb. App. Jan. 24, 2023) (selected for posting to court website) (trial court did not abuse its discretion in denying defendant's request for continuance to complete residential treatment program where defendant was terminated from one treatment program for failure to follow rules and entered second treatment program days before sentencing); *State v. Mitchell*, No. A-21-062, 2021 WL 2325325 (Neb. App. June 8, 2021) (selected for posting to court website) (similar).

Our general standard with respect to sentencing decisions is that an appellate court will not disturb the trial court's choice of whether to order probation or incarceration absent an abuse of discretion by the trial court.[11] However, with § 29-2204.02, the Legislature effectively limited the courts' discretion in choosing between probation and incarceration with respect to Class IV felonies by prescribing as follows:

> (2) If the criminal offense is a Class IV felony, the court shall impose a sentence of probation unless:
>
> (a) The defendant is concurrently or consecutively sentenced to imprisonment for any felony other than another Class IV felony;
>
> (b) The defendant has been deemed a habitual criminal pursuant to section 29-2221; or
>
> (c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260. . . .
>
> (3) If a sentence of probation is not imposed, the court shall state its reasoning on the record . . . .

Neb. Rev. Stat. § 29-2260 (Reissue 2016), in turn, authorizes a court, sentencing an offender convicted of a crime for which mandatory or mandatory minimum imprisonment is not required, to "withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender," the court finds that imprisonment is necessary to protect the public for one of three reasons. As is relevant here, one reason is that there is a substantial risk that during a period of probation, the offender would engage in additional criminal conduct.[12] Another reason is that a lesser sentence would depreciate the seriousness of the offender's crime or promote disrespect

---

[11] See, e.g., *Baxter, supra* note 4.

[12] § 29-2260(2)(a).

for the law.[13] Section 29-2260(3) then specifies over a dozen grounds that, while not controlling the discretion of the court, weigh in favor of "withholding sentence of imprisonment." Those grounds include that the crime did not threaten or cause serious harm and that the offender's imprisonment would entail excessive hardship to his or her dependents.[14]

[6] Under the standard of review previously noted, a determination of whether there are substantial and compelling reasons under § 29-2204.02(2)(c) as to why community supervision will not be an effective and safe sentence is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. The court may fulfill the requirement of § 29-2204.02(3) to state on the record its reasoning as to why probation is not imposed by a combination of the sentencing hearing and sentencing order.[15]

In the present case, there is no suggestion that a sentence of probation was not presumed under § 29-2204.02(2)(a) or (b), because Dawn was concurrently or consecutively sentenced to imprisonment for another felony or had been deemed a habitual criminal. As such, the questions before us are whether the district court abused its discretion in concluding that under § 29-2204.02(2)(c), there were substantial and compelling reasons why Dawn could not effectively and safely be supervised in the community, and whether the district court adequately stated on the record its reasoning for so concluding.

Dawn argues that the district court abused its discretion in sentencing him to imprisonment because he had a "clear intent . . . to change his life" and probation would have given him the tools to do that.[16] Relatedly, Dawn argues the district court's statement of its *reasoning* in sentencing him to

---

[13] § 29-2260(2)(c).

[14] § 29-2260(3)(a) and (k).

[15] See, e.g., *Baxter, supra* note 4.

[16] Brief for appellant at 12.

imprisonment and not probation was insufficient, because the district court merely recited the language of §§ 29-2204.02(2)(c) and 29-2260(2)(a) and (c) without showing how it reached the conclusion that there were substantial and compelling reasons why he could not effectively and safely be supervised in the community.

We turn first to the district court's statement of its reasoning. While we agree this statement left much to be desired, we find that it was sufficient insofar as we can discern the court's reasoning from its statements at the sentencing hearing and its written sentencing order.[17] Dawn is correct that the only factor mentioned by the district court immediately before pronouncing his sentence was the "generous plea offer" that Dawn received in the present matter. However, earlier in the sentencing hearing, the district court stated that it had considered the presentence investigation report, asked about the status of the two pending criminal cases against Dawn in Saline County, and expressed skepticism about Dawn's motive in seeking inpatient treatment 3 days prior to the sentencing hearing and his claim to have used alcohol, "K2," cocaine, and methamphetamine while recovering from knee surgery.

Collectively, the factors referenced by the district court suggested, at a minimum, the sentencing court did not believe that Dawn was trustworthy and that he truly intended to change the pattern of his life. Additionally, it seems clear that the court believed there was a substantial risk that Dawn would engage in additional criminal conduct during a period of probation. The presentence investigation report showed that Dawn had been charged or convicted in 72 separate criminal

---

[17] See, *State v. Dyer*, 298 Neb. 82, 91, 902 N.W.2d 687, 694 (2017) (trial court's comments at sentencing hearing "filled in the missing pieces of [its] reasoning"); *State v. Becher*, No. A-24-374, 2024 WL 5134982, (Neb. App. Dec. 17, 2024) (selected for posting to court website); *State v. Whitaker*, No. A-19-561, 2020 WL 1921748 (Neb. App. Apr. 21, 2020) (selected for posting to court website).

cases, dating back to 1998; was at a "[v]ery [h]igh" risk to reoffend; obtained 78 misconduct reports while incarcerated with the Nebraska Department of Correctional Services; and previously had probation revoked in several cases.[18] The presentence investigation report also showed that the two cases pending in Saline County, as well as the other matter in Lancaster County that was dismissed as part of the plea agreement in the present case, were all like the present case in that they involved theft offenses. In fact, one of the few "areas of strength" that the presentence investigation report noted for Dawn was that he "scored in the low or very low risk range for Alcohol/Drug Problem." However, as previously noted, Dawn's statements about when he last used certain substances were different in the presentence investigation report and the substance abuse evaluation, and the district court was clearly troubled by those discrepancies.

We see no merit to Dawn's argument that the district court could not consider the plea agreement in the present matter because it is not a factor listed in § 29-2260. Dawn is correct that a "generous plea offer" is not listed in § 29-2660(2) as a ground for finding that imprisonment of the offender is necessary for protection of the public. However, we see nothing in § 29-2660(2) that precludes a court from considering the circumstances surrounding a plea agreement in determining whether one of the grounds set forth in § 29-2660(2) is present. For example, the circumstances of a plea agreement may be relevant to determining whether there is a substantial risk that the offender would engage in additional criminal conduct during a period of probation.

Nor are we persuaded by Dawn's argument that the district court's skepticism of his account of using cocaine

---

[18] Cf. § 29-2204.02(2)(c) (fact that defendant has not previously succeeded on probation is not, standing alone, substantial and compelling reason why he or she cannot effectively and safely be supervised in community, but may be considered in conjunction with other reasons).

while recovering from knee surgery was relevant only to the question of whether to grant his motion to continue sentencing and not to his sentence. The hearing was an enhancement and sentencing hearing, and Dawn cites no authority to support the view that a court is required to ignore the factors that it considered in denying a continuance of sentencing when it imposes a sentence.

Finally, turning from the sufficiency of the district court's statement of its reasoning when sentencing Dawn to the substance of that sentence, we see no error or abuse of discretion. On appeal, Dawn notes his need for treatment as the primary basis for why he should have been sentenced to probation and not imprisonment. Previously, at the sentencing hearing, Dawn identified other factors, some of which are arguably encompassed by § 29-2260(3). However, Dawn does not dispute that his sentence was within the statutory limits.[19] Nor does he suggest that the district court failed to consider the relevant factors customarily considered in sentencing[20] or based its decision on irrelevant considerations.[21]

[7] However, even assuming that the sentencing court failed to comply with § 29-2204.02(3), the outcome would be the same, because Dawn forfeited any argument that the district court failed to sufficiently state its reasoning on the record when imposing a sentence of imprisonment. Generally, where no objection is made at a sentencing hearing when a defendant is provided an opportunity to do so, any claimed error is forfeited and is not preserved for appellate review.[22] The record here shows that after sentencing Dawn to a determinate term of 2 years' imprisonment, the district court asked, "Anything further today?" Counsel for Dawn, as well as counsel for the State, said that there was not.

---

[19] See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024).

[20] See, e.g., *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025).

[21] See, e.g., *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

[22] Cf. *State v. Pereira*, 284 Neb. 982, 824 N.W.2d 706 (2013).

### NOTICE OF RIGHT TO APPEAL AND
### TRUTH-IN-SENTENCING ADVISEMENT

In addition, Dawn argues that the district court erred in failing to provide notice of his right to appeal as required under § 29-2204.02(3) and a truth-in-sentencing advisement as required under § 29-2204.02(7). The State concedes that the district court did not advise Dawn of his right to appeal and did not "fully fulfill its mandate" as to the truth-in-sentencing advisement.[23] However, the State argues that those errors were "negligible" and that Dawn forfeited any error in this regard by failing to object and bring the errors to the court's attention at sentencing.[24] The State also argues that any error in failing to notify Dawn of his right to appeal was clearly harmless because Dawn perfected a timely direct appeal and, thus, was not prejudiced by the court's failure to provide notice of the right to appeal.

We agree with the State that Dawn also forfeited his right to be notified of his right to appeal by failing to object and bring the errors to the court's attention at sentencing.[25] The State is also correct that any error here is harmless because Dawn perfected a timely direct appeal and, as such, cannot show he was prejudiced by the failure to notify him of his right to appeal.

We take a similar view of Dawn's claim regarding the truth-in-sentencing advisement. Because Dawn failed to object and bring the error to the court's attention at sentencing, he forfeited that claim too.[26]

When a claim is forfeited—as Dawn's claims regarding the district court's failure to articulate the court's reasoning for not placing him on probation, to give him notice of his

---

[23] Brief for appellee at 18.

[24] *Id*.

[25] See, e.g., *State v. Svoboda*, 13 Neb. App. 266, 690 N.W.2d 821 (2005); *Whitaker, supra* note 17.

[26] Cf., *Svoboda, supra* note 25; *Whitaker, supra* note 17.

right to appeal, and to provide a truth-in-sentencing advisement were—a court may in its discretion review the claim for plain error.[27] We see no plain error here.

## CONCLUSION

There is no merit to Dawn's claims regarding his motion to continue sentencing and the requirements of § 29-2204.02. As such, we affirm the judgment of the district court.

AFFIRMED.

FREUDENBERG, J., not participating.

---

[27] See *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024).

CASSEL, J., concurring.

I agree entirely with the majority opinion. If a sentencing court entirely abdicates its statutory obligation under § 29-2204.02(3) and if an appellant adequately preserves the issue, I would address it on appeal. But if the assertion is merely that *State v. Baxter*[1] required more explanation or better reasoning, I would be open to reconsidering what we said there.

---

[1] *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

PAPIK, J., concurring in part and concurring in the judgment.

I agree with the outcome in this case and agree with the majority opinion's analysis with the exception of one issue: I disagree with the majority's determination that the district court complied with § 29-2204.02(3) by stating its reasoning as to why Dawn could not effectively and safely be supervised on probation.

*Forfeiture and Absence of Plain Error.*

The majority opinion resolves the issue of whether the district court complied with § 29-2204.02(3) on two grounds. I agree with one and disagree with the other.

First the area of agreement: I agree with the majority that Dawn forfeited any argument that the district court did not comply with § 29-2204.02(3). As the majority points out, Dawn did not object at sentencing on the grounds that the district court did not adequately state its reasoning for not imposing a probationary sentence. I agree with the majority that the failure to object to the adequacy of a sentencing court's explanation for a sentence forfeits any complaint about that explanation on appeal, leaving it subject to only plain error review. See, e.g., *U.S. v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016) ("[o]ur cases routinely have conducted plain-error review of claims that a district court failed adequately to explain a . . . sentence").

I also agree that Dawn cannot show that the district court's explanation amounted to plain error. Plain error is a "rigorous" standard. *Id.* We have said that courts should find plain error "only in those rare instances where it is warranted," as opposed to invoking it "routinely." *State v. McSwine*, 292 Neb. 565, 582, 583, 873 N.W.2d 405, 418 (2016). Generally, we will find plain error only when a miscarriage of justice would otherwise occur. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Peterson v. Brandon Coverdell Constr.*, 318 Neb. 342, 15 N.W.3d 698 (2025). I do not believe there is a risk that the integrity, reputation, or fairness of the judicial process would be damaged if Dawn's sentence is left in place regardless of the adequacy of the district court's explanation for its sentence.

*Compliance With § 29-2204.02(3).*

After finding that Dawn forfeited any argument based on § 29-2204.02(3) and is unable to demonstrate plain error, I would say no more about the issue. The majority opinion, however, relies on forfeiture as only a backstop, first concluding

that the district court complied with § 29-2204.02(3) even under our ordinary standard of review. I disagree with this determination and explain why in the paragraphs below.

As the majority opinion explains, courts generally have discretion to order probation or incarceration when both are permitted by statute. The Legislature, however, has taken action to limit the sentences that may be imposed for Class IV felonies, like the one at issue in this case. When sentencing a defendant for a Class IV felony, § 29-2204.02 requires the court to impose a sentence of probation unless one of three circumstances is present. In this case, there is no dispute that two of those circumstances do not apply. All thus agree that a sentence of incarceration is permitted in this case only if "[t]here are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260." See § 29-2204.02(2)(c).

The Legislature has additionally provided that if a sentencing court chooses to sentence a defendant to incarceration, rather than probation, the court must "state its reasoning on the record." § 29-2204.02(3). We have said that this section means that a court "should not simply supply a list of reasons, but, instead, should demonstrate how it reached its determination that there were substantial and compelling reasons" why the defendant cannot effectively and safely be supervised in the community. *State v. Baxter*, 295 Neb. 496, 506, 888 N.W.2d 726, 734 (2017). In this case, then, the district court was required to explain how it concluded that there were substantial and compelling reasons why Dawn could not effectively and safely be supervised in the community.

While the district court stated that it had found there were substantial and compelling reasons why Dawn could not effectively and safely be supervised in the community, it did not, in my view, explain how it reached that conclusion. Prior to its finding that Dawn could not effectively and safely be supervised in the community, the district court did say that

it would "take into consideration" the "generous" plea agreement Dawn received in this case. The district court did not, however, state that Dawn's plea agreement was a basis for its conclusion that he could not effectively and safely be supervised in the community.

Aside from its statement regarding the plea agreement, the district court stated only that it found that imprisonment was necessary to protect the public because there was a risk that Dawn would engage in additional criminal conduct while on probation and because a lesser sentence would depreciate the seriousness of his crime and promote disrespect for the law. Those are traditional factors courts are to consider in any case when deciding whether to impose a sentence of imprisonment or a sentence of probation, see § 29-2260(2), and we have additionally recognized they are valid considerations when determining whether there are substantial and compelling reasons why a defendant cannot effectively and safely be supervised on probation for purposes of § 29-2204.02(c), see *State v. Dyer*, 298 Neb. 82, 902 N.W.2d 687 (2017). We have also concluded, however, that merely listing such factors does not provide the "reasoning" required by § 29-2204.02(3). See *State v. Dyer, supra*, 298 Neb. at 91, 902 N.W.2d at 694 (concluding that sentencing order listing traditional sentencing criteria "merely listed the reasons and did not provide the 'reasoning' required by § 29-2204.02(3)").

The majority acknowledges that the district court's explanation for its conclusion that Dawn could not effectively and safely be supervised "left much to be desired," but nonetheless finds it sufficient. To do so, the majority relies on the fact that earlier in the sentencing hearing, the district court said it considered the presentence investigation report, asked a question about the status of two other pending cases against Dawn, and, while considering a motion to continue sentencing, expressed skepticism about Dawn's claim to have used alcohol and illegal drugs while recovering from surgery. All of this, says the majority, "suggested" that the district

court did not believe Dawn was trustworthy. Additionally, the majority concludes that because the presentence investigation report included an extensive criminal history, "it seems clear" that the district court believed there was a substantial risk that Dawn would engage in criminal conduct during a period of probation. If the district court had actually stated that Dawn could not effectively and safely be supervised on probation either because his representations showed he was not trustworthy or because his criminal history suggested he would engage in criminal conduct during probation, I would not hesitate to find that there were substantial and compelling reasons supporting incarceration. Indeed, the record suggests there were all kinds of things that could have been said to support a determination that Dawn was a poor candidate for probation (the existence of which undermine any claim that there was plain error here). But here, the district court did not explain itself.

The Legislature has required that a trial court "state its reasoning on the record" when it finds that a person convicted of a Class IV felony cannot safely and effectively be supervised in the community. See § 29-2204.02(3). In cases in which the district court does not do so and in which the issue is adequately preserved, I would find that the district court failed to comply with the duty the Legislature has given it, rather than looking for evidence in the record that may support the outcome but that was not articulated by the district court.

*Conclusion.*

Because Dawn forfeited any argument that the district court failed to comply with § 29-2204.02(3) and cannot demonstrate plain error and because I agree with the majority's analysis of all other issues, I would affirm his sentences. In my view, however, it is both unnecessary and incorrect to say that the district court complied with § 29-2204.02(3).

Miller-Lerman, J., joins in this concurrence.