IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. KYLE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRYCE E. KYLE, APPELLANT.

Filed March 24, 2026.    No. A-25-649.

Appeal from the District Court for Lancaster County: MATTHEW O. MELLOR, Judge. Affirmed.

Trevin H. Preble and Coehn W. Preble, of Preble Law Firm, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Bryce E. Kyle appeals from his plea-based convictions in the Lancaster County District Court of one count of third degree assault on an officer or health care professional, and one count of third degree assault. Kyle asserts that the sentence imposed was excessive and that he received ineffective assistance of trial counsel, who Kyle alleged failed to adequately explain the proceedings to him and failed to provide him with the discovery for his case. Finding no abuse of discretion in the sentences imposed and that the record refutes Kyle's claims of ineffective assistance of counsel, we affirm.

## STATEMENT OF FACTS

Kyle was originally charged by information with one count of second degree assault, a Class IIA felony, in violation of Neb. Rev. Stat. § 28-309 (Reissue 2016). Pursuant to a plea

- 1 -

agreement, Kyle thereafter pled guilty to one count of third degree assault on an officer or health care professional, a Class IIIA felony, in violation of Neb. Rev. Stat. § 28-931 (Cum. Supp. 2024), and one count of third degree assault, a Class I misdemeanor, in violation of Neb. Rev. Stat. § 28-310(1)(a)(b)(Reissue 2016).

At the plea hearing, Kyle was advised of the charges and the possible penalties, which he indicated he understood. The district court advised Kyle of the consequences of his plea and the rights he would be giving up by entering his plea. Kyle affirmed that he understood his rights, that he had an opportunity to speak with his attorney about all his rights, that he did not need any more time to speak with his attorney about them, and that he was waiving the rights freely and voluntarily. Kyle's attorney also affirmed that he had discussed these rights with Kyle and believed that he understood them, and was waiving his rights freely, voluntarily, knowingly, and intelligently. The court found beyond a reasonable doubt that Kyle understood his rights and waived them freely, voluntarily, knowingly, and intelligently.

The district court again advised Kyle of the possible penalties, and that the court would not be required to grant him probation. The court also advised Kyle that the sentences could be imposed consecutively. Kyle affirmed his understanding. The court asked Kyle whether his attorney had explained the charges to him, to which Kyle replied, "Yes, he has, sir." Kyle also agreed that his attorney had gone over the charges with him and explained what the State would have to prove in order to convict him of the charges. Kyle indicated that he had told his attorney everything he knew about the case, that he was not aware of anything that could help his case which he had not yet discussed with his attorney, that he was satisfied with the job his attorney had done for him in the case, that he believed his attorney was competent, that his attorney had not refused or neglected to do anything Kyle had asked of him, and that he had had enough time to speak with his attorney about the case. Kyle indicated that he did not need any more time to speak with his attorney about anything.

The district court advised Kyle that it was not bound by the plea negotiations or any sentencing recommendations, and that it could consider the circumstances surrounding the dismissed charge or other charges not filed. Kyle again responded that he understood. Kyle denied that anyone had made any promises or representations about the sentences that would be imposed or any threats to induce him to enter his plea.

The factual basis provided by the State revealed that on January 30, 2024, Kyle was an inmate at the Nebraska State Penitentiary and was involved in a physical assault of another inmate. While attempting to stop the assault, an officer was struck in the face by Kyle's knee, causing the officer pain and resulting in a black eye.

Kyle affirmed his desire to plead guilty to the charges and the district court found beyond a reasonable doubt that Kyle fully understood his rights and freely and voluntarily waived them; that Kyle understood the charges and consequences of his plea; that his plea was made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis to accept the pleas. The court found him guilty of the charges in the amended information and ordered a presentence investigation.

Kyle was sentenced to 2 years' imprisonment and 12 months of post-release supervision on the first count, and to 1 year of imprisonment on the second count, to be served consecutively.

Kyle filed a timely appeal.

ASSIGNMENTS OF ERROR

Kyle assigns that the sentence imposed was excessive and that he received ineffective assistance of trial counsel, who he alleged failed to adequately explain the proceedings to Kyle and failed to provide him with the discovery for his case.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Dawn*, 320 Neb. 342, 27 N.W.3d 9 (2025).

An appellate court resolves claims of ineffective assistance of counsel on direct appeal only where the record is sufficient to conclusively determine whether trial counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance as matters of law. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*. Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id*.

ANALYSIS

*Excessive Sentence.*

The charge of third degree assault on an officer or health care professional is a Class IIIA felony, punishable by up to 3 years' imprisonment and 18 months of post-release supervision, a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Supp. 2025). The charge of third degree assault is a Class I misdemeanor, punishable by up to 1 year's imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016).

Because it is undisputed that Kyle's sentences fall within the statutory limits, the question is whether the district court abused its discretion in the sentences it imposed upon him. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025).

In determining a sentence to be imposed, the relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Hagens, supra*. It is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. *Id*.

The presentence investigation report (PSR) shows that Kyle, age 27, is a high school graduate, is single, and has no dependents. His criminal history is fairly extensive. As a juvenile, he was adjudicated for assault by mutual consent, careless driving, possession of a controlled substance (two counts), and possession of marijuana and drug paraphernalia, for which he was unsatisfactorily terminated from probation. As an adult, Kyle has been convicted of possession of marijuana (twice), possess or use drug paraphernalia, possess controlled substance (three times), theft by unlawful taking, $1,500 - $5,000, criminal trespass, and numerous traffic violations. On the Level of Service/Case Management Inventory, Kyle scored in the very high risk category on alcohol/drug problems and procriminal attitude, and in the high risk category for criminal history, family/leisure, companions, and antisocial pattern. Overall, he scored in the very high risk to reoffend category. Kyle completed a Simple Screening Instrument which assessed him in the moderate to high risk level for substance misuse. On the Standardized Risk Assessment Reporting Format for substance abuse offenders, he scored as a high risk for recidivism.

Kyle argues that the district court did not give proper weight and consideration to the sentencing factors. He argues that the court gave the nature of the crimes a disproportionate amount of weight and failed to meaningfully consider his desire to work on his substance use and that he had taken steps toward addressing his substance use. Kyle asserts that he was under the influence of substances (K2) at the time of the assault, that he thought he was having a heart attack at the time of the assault, and that he does not remember a lot of what happened. Kyle claims that he is not able to address his substance use while incarcerated, as is evidenced by having been exposed to substances while incarcerated.

At the sentencing hearing, the district court indicated that it had reviewed the PSR and had considered the comments of counsel and of Kyle. The court noted Kyle's very high risk for recidivism and his history of controlled substances issues. The court determined that the charges were a "serious matter," and that the court had to ensure accountability. After considering the relevant statutory factors, the nature and circumstances of the crimes, and Kyle's history, the court found that Kyle was not a fit candidate for probation, that imprisonment was necessary for the protection of the public, and a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law.

It is clear that the district court considered the proper factors in sentencing Kyle. We find no abuse of discretion in the sentences imposed.

*Ineffective Assistance of Counsel.*

Before addressing Kyle's claims that he received ineffective assistance of trial counsel, we first set forth certain legal principles and procedural requirements that govern such claims on direct appeal.

When reviewing an ineffective assistance of counsel claim on direct appeal, the question is whether the record affirmatively shows that the defendant's trial counsel's performance was deficient and that the deficient performance actually prejudiced the defendant's defense. *State v. Kruger, supra*. There is a strong presumption that counsel acted reasonably, and an appellate court will not second-guess reasonable strategic decisions. See *id*. Ultimately, the Constitution guarantees criminal defendants only a fair trial and a competent attorney. *Id*.

As mentioned above, on direct appeal, an appellate court only addresses claims of ineffective assistance of counsel that can be conclusively determined from the record. *Id*. The record on appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires examination of facts not contained in the record. *Id*.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *State v. Kruger, supra.* When a claim of ineffective assistance of counsel is raised on direct appeal, appellant is not required to allege prejudice. *Id*. However, on direct appeal in a criminal case, claims of ineffective assistance must be both specifically assigned and specifically argued in the appellant's brief. *Id*. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege the conduct that is claimed to constitute deficient performance. *Id*. With these legal principles in mind, we address Kyle's claims of ineffective assistance of trial counsel.

Kyle assigns that he was denied effective counsel when trial counsel failed to provide him with the discovery for his case and when trial counsel failed to adequately explain the proceedings to him.

With regard to discovery, Kyle argues that prior to the plea hearing, his trial counsel had not provided him with discovery, nor had his trial counsel sufficiently advised him what the discovery information contained, and as such, he could not intelligently understand whether the plea offer should be accepted or "provide mitigating information as to his responsibility, if any, for the charged offense." Brief for appellant at 18.

Kyle's assignment of error does not sufficiently allege deficient performance. Kyle does not identify what discovery should have been provided to him that he claims was not provided by his trial counsel. Further, the record from the plea hearing refutes this allegation. At the plea hearing, Kyle agreed that he had been able to discuss the charges with his attorney and what the State would have to prove, that he was satisfied with the representation of his attorney, and that he did not need to discuss anything further with him.

Kyle further asserts that trial counsel failed to adequately explain the proceedings to him. Again, Kyle's assigned error does not sufficiently describe deficient performance. Kyle does not identify what part of the proceedings trial counsel failed to explain. In his argument section, he submits that he had only two conversations with trial counsel, wherein trial counsel informed him that he only had one day to accept a plea deal, otherwise the State would file additional felony charges. Additionally, Kyle argues that trial counsel represented to him that if he pled, he would only receive probation and not incarceration. Finally, Kyle argues that at the time of the plea hearing, he was in drug treatment, was not in his right mindset, and thus could not intelligently understand and answer the questions of the district court. However, we need not address claims made in an argument section when the assigned error is insufficiently pled. An appellate court is not required to "scour" the argument section of the brief to find more clarity or specificity regarding the assigned error. See, *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025); *State v.*

*Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), *disapproved on other grounds, State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

Nevertheless, the record affirmatively refutes these allegations. In addition to indicating his satisfaction with his trial counsel as noted above, Kyle affirmed that he had not received any promises or threats in connection with his pleas, and that he understood the charges and potential outcomes of the case. Further, the district court thoroughly questioned Kyle about his mental status at the time of the plea hearing and was assured that he was competent to enter a plea and understood the proceedings.

## CONCLUSION

The district court did not abuse its discretion in the sentences imposed. Kyle's assigned error regarding ineffective assistance of counsel is insufficiently pled and refuted by the record. We affirm the convictions and sentences.

AFFIRMED.