IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. HOLMES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRYAN T. HOLMES, APPELLANT.

Filed March 10, 2026.    No. A-25-631.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Ryan M. Hoffman, of Bressman, Hoffman, Jacobs & Quandt, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

### INTRODUCTION

Bryan T. Holmes appeals from his plea-based convictions of two counts of third degree domestic assault causing bodily injury. Holmes asserts that his sentences of 1 year's imprisonment for each count were excessive and that he received ineffective assistance of trial counsel, who he alleged failed to inform him of his legal defenses or the likelihood of a maximum sentence. Finding no abuse of discretion in the sentences imposed and that the record refutes Holmes' claim of ineffective assistance of counsel, we affirm.

### STATEMENT OF FACTS

On January 10, 2025, an information was filed in the Douglas County District Court charging Holmes with one count of assault by strangulation or suffocation, a Class IIIA felony.

- 1 -

Pursuant to a plea agreement, the information was amended, charging Holmes with two counts of third degree domestic assault causing bodily injury, Class I misdemeanors.

At the plea hearing held on May 30, 2025, Holmes indicated his intent to enter a no contest plea to the amended charges. The district court advised Holmes of the various constitutional rights that he would be giving up by entering his pleas, which Holmes affirmed he understood. The court informed Holmes of the elements of the charges and the possible penalties, which Holmes again indicated that he understood. Holmes agreed that the district court would ultimately decide the sentence. Holmes denied that anyone had threatened him or promised him anything to get him to plead to the charges. Holmes affirmed that he had enough time to discuss his case with his trial counsel, that he was satisfied with her, and that he felt she properly represented him.

The State then gave the factual basis for the charges, which showed that on December 24, 2024, officers were dispatched to a residence where the victim advised that she was an intimate partner of Holmes, and that he had struck her in the face, threw her against the wall, and pinned her to the ground by her neck, causing pain and discomfort as well as restricting her breathing. The district court found beyond a reasonable doubt that Holmes understood the nature of the charges against him, that his plea was made freely, knowingly, intelligently, and voluntarily, and that there was a basis in fact for his plea. The court accepted his plea of no contest to the charges.

Following the preparation of a presentence investigation report (PSR), the district court sentenced Holmes to consecutive terms of 1 year's imprisonment, with credit in the aggregate of 203 days previously served.

Holmes appeals.

## ASSIGNMENTS OF ERROR

Holmes assigns that the district court imposed an excessive sentence. He also assigns that his trial counsel was ineffective in failing to inform him of his legal defenses or the likelihood of a maximum sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Dawn*, 320 Neb. 342, 27 N.W.3d 9 (2025).

An appellate court resolves claims of ineffective assistance of counsel on direct appeal only where the record is sufficient to conclusively determine whether trial counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance as matters of law. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id.* Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id.*

ANALYSIS

*Excessive Sentence Claim.*

Holmes was convicted of two counts of third degree domestic assault causing bodily injury, Class I misdemeanors. Class I misdemeanors are punishable by up to 1 year's imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106(1) (Reissue 2016). Holmes' sentences of 1 year's imprisonment on each charge were within statutory limits.

Holmes argues that his sentences were an abuse of discretion, that the district court failed to apply the sentencing factors, and failed to address his mentality, motivation, and the nature of the offense. He points to his willful and successful participation and completion of several rehabilitation programs while incarcerated, demonstrating his having taken responsibility for his actions. Holmes also argues that the district court failed to consider the full context of the incident based on his allegation that the victim initiated the confrontation and his attempts to de-escalate the confrontation. He claims his actions were impulsive and provoked, and were not designed to inflict severe injury, but rather resulted in only minor injury.

Because it is undisputed that Holmes' sentences fall within the statutory limits, the question is whether the district court abused its discretion in the sentences it imposed upon him. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Sutton*, 319 Neb. 581, 24 N.W.3d 43 (2025).

In determining a sentence to be imposed, the relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Hagens, supra*. It is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. *Id*.

The PSR shows that Holmes, age 41 at the time of sentencing, was single and had obtained his GED. His criminal history shows that he was on juvenile probation twice: once for misdemeanor theft by unlawful taking, and the other charge was unknown. As an adult, he has been convicted of "intrude on victim 18+ years of age," operating during suspension, no valid registration, and no proof of insurance. In 2024, he was convicted of assault causing bodily injury, for which he received 13 days in jail and 12 months' probation. The victim in the 2024 charge was the same victim as in the instant charges. A motion to revoke probation in the 2024 case was filed and a hearing set for July 31, 2025. On the Level of Service/Case Management Inventory, Holmes scored in the very high risk category for antisocial pattern; and in the high risk category for education/employment, family/marital, leisure/recreation, alcohol/drug problems, and procriminal attitude. Overall, he scored in the high risk range to reoffend. On the Domestic Violence Offender Matrix, Holmes scored as a medium high risk. Following his placement on probation for the 2024 assault, Holmes had a chemical dependency evaluation and started outpatient treatment.

At the sentencing hearing, Holmes' trial counsel outlined several mitigating factors for the district court's consideration. In addition to the PSR, counsel submitted several certificates showing Holmes' completion of, or attendance at, various programs he participated in while incarcerated in jail. A victim impact statement was submitted, and the victim also spoke at the sentencing hearing, outlining the abuse she suffered from Holmes and the deleterious impact on her life.

In rendering sentence, the district court indicated that it had reviewed the PSR and had considered Holmes' age, background, and prior record. The court noted that the offenses involved violence. The court stated that it was "very concerning" that Holmes was on probation at the time of these offenses for assaulting this same victim, indicating to the court that Holmes cannot follow court orders. The court also noted Holmes' denial of the assault that night despite the injuries observed to the victim, showing that Holmes takes "zero responsibility."

We conclude that the district court took the appropriate factors into consideration in rendering sentence and the sentences imposed were not an abuse of discretion.

*Ineffective Assistance of Counsel Claims.*

Holmes assigns that his trial counsel was ineffective for failing to inform him of his legal defenses or the likelihood of a maximum sentence. In his argument section, Holmes asserts that trial counsel failed to investigate several aspects of Holmes' defense. He claims that trial counsel should have interviewed, deposed, subpoenaed, or contacted police officers who responded to the 911 call and the arresting officers. Holmes asserts that the officers would have testified that Holmes had a reasonable belief that he was required to restrain the victim in order to prevent further injury. Holmes argues that his trial counsel did not inform him of his right to claim self-defense and did not inform him of the likelihood that he would receive a maximum sentence as a result of a no contest plea. He claims that had trial counsel informed him of the above, he would not have taken the plea.

Before addressing Holmes' claims that he received ineffective assistance of trial counsel, we first set forth certain legal principles and procedural requirements that govern such claims on direct appeal.

When reviewing an ineffective assistance of counsel claim on direct appeal, the question is whether the record affirmatively shows that the defendant's trial counsel's performance was deficient and that the deficient performance actually prejudiced the defendant's defense. *State v. Kruger, supra*. There is a strong presumption that counsel acted reasonably, and an appellate court will not second-guess reasonable strategic decisions. See *id*. Ultimately, the Constitution guarantees criminal defendants only a fair trial and a competent attorney. *Id*.

As mentioned above, on direct appeal, an appellate court only addresses claims of ineffective assistance of counsel that can be conclusively determined from the record. *Id*. The record on appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires examination of facts not contained in the record. *Id*.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *State v. Kruger, supra.* When a claim of ineffective assistance of counsel is raised on direct appeal, appellant is not required to allege prejudice. *Id*. However, on direct appeal in a criminal case, claims of ineffective assistance must be both specifically assigned and specifically argued in the appellant's brief. *Id*. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege the conduct that is claimed to constitute deficient performance. *Id*. With these legal principles in mind, we address Holmes' claims of ineffective assistance of trial counsel.

First, Holmes' assigned error that his trial counsel was ineffective for "failure to inform him of his legal defenses" is insufficiently pled. The assignment does not specifically allege the conduct that Holmes claims to constitute deficient performance, such as the legal defenses that counsel allegedly failed to discuss with him. An appellate court is not required to "scour" the argument section of the brief to find more clarity or specificity regarding the assigned error. See, *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025); *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), *disapproved on other grounds, State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

Next, Holmes' claim that his trial counsel failed to inform him of the possibility of receiving the maximum sentence is refuted by the record. At the plea hearing, Holmes indicated that he understood the possible penalties for the charges and that it was ultimately the district court that would decide the sentences. Holmes also affirmed that he had not received any promises to get him to enter his plea. Holmes cannot establish deficient performance by his trial counsel and this claim of ineffective assistance of trial counsel fails.

## CONCLUSION

The district court did not abuse its discretion in the sentences imposed. Holmes' claims of ineffective assistance of counsel are either insufficiently pled or refuted by the record. The convictions and sentences are affirmed.

AFFIRMED.